**KANSAS CITY, M. & O. RY. CO. OF TEXAS v. CLIETT. (No. 895.)**

(Court of Civil Appeals of Texas. El Paso. Dec. 5, 1918.)

1. CARRIERS ⬤⟲228(1) — CARRIAGE OF LIVE STOCK—EVIDENCE OF LOSS.

To entitle a shipper of live stock to recover for negligent delay which caused loss in weight, he must show the difference between the market value of the animals on arrival, and what would have been the market value if promptly delivered.

2. CARRIERS ⬤⟲213 — CARRIAGE OF LIVE STOCK—HOURS OF SERVICE ACT.

A carrier cannot justify 17 hours' delay, on the theory that it was complying with the federal law, prohibiting the working of a train crew more than 16 hours at one time, for it will be presumed that a railroad company has more than one crew.

Error from Pecos County Court; Howell Johnson, Judge.

Action by Fred Cliett against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

H. S. Garrett, of San Angelo, and Williams & Jackson, of Ft. Stockton, for plaintiff in error.

W. A. Hadden, of Ft. Stockton, for defendant in error.

HARPER, C. J. Fred Cliett brought this suit against the Kansas City, Mexico & Orient Railroad Company for damages to a shipment of sheep and goats alleged to have been occasioned by negligent delay in delivering to their destination; as a consequence, they wasted away in flesh and weight. The exact negligence charged and by the court submitted is that plaintiff was required to and did load them at Ft. Stockton, and that they were left standing there about 17 hours without food and water.

The defendant answered by general denial and specially that there were not a sufficient number to require a special train; that they were hauled out on the first one leaving Ft. Stockton; that plaintiff knew when he loaded them that the first train to leave Ft. Stockton had to go to Alpine and return before his shipment could start to its destination; that the only delay was occasioned on account of the observance of the 16-hour law, on account of which the train was laid out upon its return trip from Alpine.

On the verdict of a jury, the court rendered judgment for $250, from which it comes here for review upon writ of error.

[1] The case must be reversed upon the ground that there is a total absence of evidence of market value of the sheep and goats at Kansas City—their destination. The only evidence of value is what is designated in the statement of facts as "the account of sales of my sheep and goats at Kansas City, which show the respective weights of the sheep and goats and the price per pound for which they sold." No one swears that this was the market value. So, for all this record discloses, this may have been less than the market value. In order for appellee to be entitled to a judgment, he must affirmatively show the difference between the market value on arrival and what would have been their market value had they been promptly delivered, for, having arrived upon a different market day, the price upon that day may have been sufficiently in excess of the former day as to offset any loss in weight, if any, by reason of unreasonable delay.

[2] There is nothing in appellant's assignments and propositions that there was no evidence that 17 hours' delay in going to and returning from Alpine was unreasonable; and, likewise, because the laws of the United States prohibit the company from working a train crew more than 16 hours at one time and in obedience to this law, the crew handling this train having served its 16 hours, that by law the train had to stop to give them the required rest provided under this law. It will be presumed that the company may have more than one crew; that whilst one crew is resting, another may be carrying on the work.

But if, upon another trial, there should be testimony to the effect that there were no delays in the transportation of the stock other than was specifically required by law, then the question should be submitted as an affirmative defense. Because there is no evidence of value upon which to predicate a measure of damages, the cause is reversed and remanded for a new trial.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes