KANSAS CITY, M. & O. RY. CO. OF TEXAS v. CLIETT. (No. 1024.)

(Court of Civil Appeals of Texas. El Paso. Nov. 28, 1919.)

1. CARRIERS ⚖═211—REFUSAL TO PERMIT FEEDING AND WATERING OF STOCK SHIPMENT.

Where railroad's agents, knowing that train was delayed, refused to permit shipper to unload stock for feed and water, and where because of such refusal the stock stood in cars at certain station for about 17 hours without water, the railroad was negligent, even though the delay was unavoidable.

2. CARRIERS ⚖═228(5)—RECOVERY BY SHIPPER OF EXTRA FEED CHARGE CAUSED BY DELAY.

In live stock shipper's action against railroad to recover charge for extra feed necessitated by railroad keeping stock confined in cars pending delay in transportation, evidence held insufficient to show that the feed was an extra feed, or that the charge was a reasonable charge for the feed.

3. EVIDENCE ⚖═471(24)—CONCLUSION AS TO CAUSE.

In live stock shipper's action against railroad to recover charge for extra feed necessitated by delay in transportation, statement by witness

that necessity for extra feed was caused by the stock standing in the cars at point of delay held a mere conclusion.

4. CARRIERS ⚖═228(5)—DELAY IN LIVE STOCK TRANSPORTATION; INCREASE IN MARKET VALUE.

In action for damages from shrinkage in live stock because of negligence of railroad in keeping stock confined in cars without water pending delay in transportation, evidence held not to justify finding of an increased market value during the delay.

5. APPEAL AND ERROR ⚖═930(2)—PRESUMPTION THAT JURY FOLLOWED COURT'S INSTRUCTIONS.

Court on appeal will presume that jury followed court's instruction to disregard improper remarks of counsel, unless the contrary is made to appear.

Error from Pecos County Court; Howell Johnson, Judge.

Suit by Fred Cliett against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant brings error. Affirmed subject to entry of remittitur; otherwise reversed and remanded.

See, also, 207 S. W. 166.

H. S. Garrett, of San Angelo, and Williams & Smith, of Ft. Stockton, for plaintiff in error.

W. A. Hadden, of Ft. Stockton, for defendant in error.

WALTHALL, J. Fred Cliett, as plaintiff, sued the Kansas City, Mexico & Orient Railway Company of Texas, as defendant, for damages which he alleges he sustained in the amount of $363.34 and attorney's fees, by reason of a shrinkage of 6½ pounds per head for 466 sheep and 15 goats shipped from Ft. Stockton, Tex., over the lines of defendant and other roads to Kansas City, Mo., and extra feed charge of $70. The cause of the shrinkage was alleged to be due to the negligence of the railway company in keeping stock confined in the cars at Ft. Stockton without water from 6 o'clock p. m. January 12, to about noon January 13, 1917.

On a verdict of the jury in favor of Cliett, judgment was rendered in his favor for the amounts sued for. A remittitur was thereafter entered for the amount found as attorney's fees. This is the second appeal of this case. The first is reported in Railway Co. v. Cliett, 207 S. W. 166, to which we refer for a statement of the issues tendered.

[1] Plaintiff in error by its first assignment insists that the evidence shows beyond the point of difference between reasonable minds that the unusual delay in the shipment of 17 hours at Ft. Stockton was unavoidable. If it were conceded that the delay of the train from Alpine to Ft. Stockton was unavoidable, that one fact conceded would not

fully meet the issue of negligence assigned and submitted. Defendant in error alleged and so testified that the company's agent notified him to load the stock in the cars, which he did, at about 6 o'clock in the afternoon of January 12th, stating that there would be no delay in the train from Alpine. Cliett testified that the agent told him the train from Alpine would be back to Ft. Stockton about 11 or 12 o'clock that night, and would not wait for him to then load; that he did not want to load the stock until the train left Alpine, and asked the agent if he would then call him, which the agent refused to do; that he could have loaded the sheep in time after the train left Alpine; that he asked permission of the agent the next morning to unload the stock for feed and water, but was refused permission to do so. These facts were combated by the company both by allegation and evidence, but the jury found in favor of Cliett. Now, the agents of the company knew the stock had been loaded on the cars, and the time when loaded; knew at Alpine that by reason of delay of the train at Alpine the train could not, under the same crew, reach Hovey on its return where the relief crew were. The gist of the issue of the damages sustained as a result of the negligence assigned is that the sheep and goats were kept standing on the cars at Ft. Stockton without water for about 17 hours. The jury no doubt thought that under the facts shown the sheep and goats could and should have been removed from the cars, when the delay of the return train was known to the agents of the company. We believe that the delay of the train alone, if unavoidable, does not fully relieve the company from the negligence charged.

The second assignment is to the effect that no evidence was introduced to show that the stock were given an extra feed at McFarland, Kan., and that the evidence gives no measure by which the jury could determine the amount or reasonable value of the feed given; that from the evidence the jury were unable to separate the cost of feed which would have been required if the shipment was without delay from the amount required as a whole.

The stock reached Altus, Okl., on the afternoon of the 14th, where they were fed and watered. The stock left Altus on the morning of the 15th about 6 o'clock, arriving at McFarland on the afternoon of the 15th, and left there about daylight on the morning of the 16th. The feed at McFarland is the one claimed to be extra. Cliett testified:

"The feed at McFarland, Kan., was an extra feed, which I had to give my sheep on account of standing confined in the cars at Ft. Stockton, Tex. This feed cost me $70."

[2, 3] The above is all the evidence offered on the item of extra feed. The assignment must be sustained. The evidence and the facts in connection therewith do not show that the feed was an extra feed caused by the sheep standing in the cars at Ft. Stockton. The statement that witness had to give the feed might tend to show the necessity of feeding the sheep at that time, but the further statement that it was on account of the sheep standing confined in the cars at Ft. Stockton is a mere conclusion of the witness, without the statement of any fact from which the conclusion is drawn. The sheep had been watered, fed, and rested at Altus, leaving Altus on the morning of the same day they reached McFarland. Also, the statement that the feed cost $70 does not show the cost to be a reasonable charge. The item of extra feed must be remitted. Ft. Worth & D. C. Ry. Co. et al. v. Hill et al., 213 S. W. 952, and cases there used.

The sheep and goats were loaded on the cars for the Kansas City market on the 12th day of January. They were put on the market at Kansas City and sold on January 22d. The damage alleged is loss of shrinkage in weight by reason of delay. The value of the animals on the Kansas City market was fixed by price per hundredweight. The loss in weight was fixed at 6½ pounds per hundredweight. The uncontroverted evidence is that the market price of sheep on the Kansas City market steadily rose from January 12th to the 22d, the rise in price being about 25 cents per hundredweight. The sheep had been taken off the cars at Lawrence, Kan., and fed, watered, and rested for about five days for the market. The proposition is made under the third assignment that the fact that the shipment, if it was delayed, resulting in loss in weight, brought more at destination on account of such delay, and should have been considered in reduction of the loss, if any, sustained by shrinkage. The issue was submitted to the jury, but the jury made no allowance for the raise in value. We are referred to Railway Co. v. Hughes, 31 S. W. 411, and Railway Co. v. Bivins, 136 S. W. 1180. We regard the last-named case as not having such direct bearing on the facts or the proposition as to require a review. In the Railway v. Hughes Case the calves were worth more on the day they were marketed than on the day previous, the day on which they would have been on the market but for the delay. In that case the Austin court held, and we think properly so, that the fact that a part of the shipment brought more at the destination on account of the delay in their arrival should be considered in reduction on the loss on the others as a result of the delay.

[4] Here, the evidence does not justify the finding that an increased market value was found by reason of the delay. The evidence does not suggest a delay other than at Ft. Stockton. While the sheep were held on the cars there some 17 hours before starting on

their journey, the jury evidently concluded from the evidence that, regardless of the delay, Cliett could not have put his sheep on the market earlier than the 17th of January, and possibly would not have done so earlier than he did, on the 22d. The evidence does not suggest an increase in the market value on the 22d from what it was on the 17th. The witness stating values said:

"It would be impossible for me to give the market value of the sheep and goats for January 12 to 27, 1917, but the general tone of the market during those dates * * * shows prices actually advanced about 25 cents per hundred weight on sheep and lambs from the 15th to the 22d."

The fourth assignment has no merit. What we have said in discussing the third assignment applies to the fifth. There is evidence sufficient to sustain the alleged loss of weight.

[5] The sixth assignment complains of remarks of counsel during the argument. The court instructed the jury to disregard the argument; and, while the language used and the insistence on reading from the books were improper, we must presume that the jury followed the instruction of the court, unless the contrary is made to appear. For a fuller expression of our views on the general subject of improper remarks of counsel we refer to El Paso Electric Ry. Co. v. Terrazas, 208 S. W. 387, and cases there used.

We think the court's charge in paragraphs 5 and 6 sufficiently presented the issues referred to, and that it was not reversible error to refuse special charge No. 3, complained of in the seventh assignment. If defendant in error, within 15 days will enter a remittitur of the $70, allowed for extra feed, the case will be affirmed; otherwise it will be reversed and remanded.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes