## BELL et al. v. BLACKWELL.*
(No. 622–4443.)

(Commission of Appeals of Texas, Section B.
May 12, 1926.)

**1. Wills ⚖︎323—Overruling objection to argument of proponent's counsel in will contest, that comprehension by testatrix of nature and extent of estate or objects of her bounty was unnecessary for testamentary capacity held error.**

In will contest on ground of mental incapacity of testatrix, overruling objection to argument of proponent's counsel that it was not necessary for testatrix to comprehend nature and extent of estate or objects of her bounty and business she was about to transact, in order to have testamentary capacity, *held* erroneous.

**2. Appeal and error ⚖︎1026—Error requires reversal, if there is any reasonable doubt of harmful effect.**

Error requires reversal, if there is any reasonable doubt of its harmful effect, unless it affirmatively appears from record that error was harmless.

**3. Appeal and error ⚖︎1026—Finding of actual prejudice from error is not necessary to authorize reversal.**

Since error requires reversal if there is any reasonable doubt of harmful effect, finding of actual prejudice is not necessary to authorize reversal.

**4. Appeal and error ⚖︎1060(1).**

That verdict is supported by overwhelming weight of evidence, or that any other verdict would have been set aside, cannot make improper argument harmless.

**5. Appeal and error ⚖︎1083(3)—Finding of Court of Civil Appeals that improper argument was harmless is not finding of fact conclusive on Supreme Court (Const. art. 5, § 3; Vernon's Ann. Civ. St. 1925, arts. 1728, 1820).**

Finding of Court of Civil Appeals that improper argument was harmless is not finding of fact conclusive on Supreme Court, under Const. art. 5, § 3, Vernon's Ann. Civ. St. 1925, arts. 1728 and 1820, notwithstanding determination of question may involve consideration of all facts and evidence in case.

**6. Wills ⚖︎384—Argument of proponent's counsel in will contest misstating law as to mental capacity to make will held reversible, where there was sufficient evidence to support verdict against will.**

In contest of will upon ground of mental incapacity, where there was sufficient evidence to support verdict against will, error in permitting proponent's counsel to argue that it was not necessary for testatrix to comprehend nature and extent of estate or objects of her bounty and business she was about to transact in order to have testamentary capacity *held* to require reversal.

Error to Court of Civil Appeals of First Supreme Judicial District.

Application of W. A. Blackwell and others for probate of the will of Sarah Jane Bell, deceased, contested by James R. Bell and another. Judgment for proponent was affirmed (273 S. W. 866), and contestants bring error. Reversed and remanded.

W. T. Bagby, of Hallettsville, R. J. Waldeck, of Cuero, Fly & Ragsdale, of Victoria, Jas. R. Dougherty, of Beeville, and O. Ellis, Jr., of Luling, for plaintiffs in error.

Jno. H. Bailey, H. W. Wallace, and Crain & Hartman, all of Cuero, for defendant in error.

SPEER, J. This is a probate case originating upon the application of W. A. Blackwell and others to probate the will of Miss Sarah Jane Bell, deceased, which application was contested by J. R. Bell and others. The will was admitted to probate in the county court, but was carried by appeal to the district court, where it was again admitted to probate. Upon further appeal by the contestants, the Court of Civil Appeals for the First district affirmed the judgment of the district court (273 S. W. 866), and the cause is now before us upon a single question of practice.

The contest was based upon the grounds of mental incapacity of the testatrix, and the court submitted the following instructions:

"The burden of proof is upon the proponent, W. A. Blackwell, Sr., to show by a preponderance of the evidence that Miss Sarah Jane Bell was of sound mind at the time of the execution of the instrument offered for probate; that is, that she (Miss Sarah Jane Bell) had the capacity to know and understand what she was doing, and the effect of her act at the time she executed said instrument. If she had that capacity, her mind was sound; if she did not have it, her mind was unsound."

The contestants excepted to this charge and requested the following:

"You are instructed that by the term 'sound mind,' as used in the special issue submitted to you, is meant testatrix must have been capable of understanding the nature of the business she was engaged in, the nature and extent of her property, the persons to whom she might devise and bequeath it, and the mode of distribution among them; that she must have had memory sufficient to collect in her mind the elements of the business to be transacted, and to hold them long enough to perceive at least their obvious relations to each other, and to be able to form a reasonable judgment as to them. And in answer to this issue you will be guided by this definition."

The Court of Civil Appeals overruled the objection to the instruction as given, and no question is here made as to the correctness of that ruling. We merely set out this part of the proceedings as explanatory of the real question raised.

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied June 23, 1926.

As stated by the Court of Civil Appeals:

"In the course of the trial of the case, and in the argument to the jury on behalf of contestants, it was contended by counsel that before the jury could find that the testatrix was of sound mind, they must find that she was capable of understanding the nature of the business she was engaged in, the nature and extent of her property, the persons she might devise and bequeath it, and the mode of distribution among them; that she must have memory sufficient to collect in her mind the elements of the business to be transacted, and to hold them long enough to perceive at least their obvious relation to each other, and be able to form a reasonable judgment as to them, and that such was the legal effect of the court's charge.

"That Mr. A. C. Hartman, Esq., of counsel for proponent of the will, in his closing address, made use of the following argument to the jury: 'It is not necessary for the testatrix, at the time of the execution of the will, to comprehend the nature and extent of her estate, or the objects of her bounty, and the business that she was about, but all that was necessary was that she possess the capacity to know and understand what she is doing, and the effect of her act at the time she executed the instrument.' To such argument so made, contestants then and there objected, because the argument was misleading the jury as to the law of the case, and because it was not a correct statement of the necessary elements constituting the capacity required of one to execute a valid will. The court overruled the objection so made, and permitted counsel to continue such argument, which he continued as follows: 'It is not true, as argued by counsel for contestants, that she must have the mental capacity, at the time of the execution of the will, to comprehend the nature and extent of her estate, the objects of her bounty, and the business that she was about, and that if such had been the law Judge Green (the trial judge) would have so instructed the jury in his charge.'

"The contestants then further objected to said argument, because it expressly emphasized the error pointed out by contestants in their objection made originally to the court's charge, which objection and exception had been overruled by the court before the argument had begun in the case; but the trial court overruled all of said objections to said argument and permitted counsel to continue such argument of the case to the jury, to which action of the court contestants excepted."

The Court of Civil Appeals thought the argument was improperly made as an incorrect statement of the law in the presence and hearing of the court and jury, which the court should have corrected, and indicated its view that it was unnecessary for the court, in defining the term "sound mind," to go into such minute details as is embodied in the special requested charge, yet that under the charge it was necessary, to show mental soundness, that testatrix should have had the mental capacity at the time of the execution of the will to comprehend the nature and extent of her estate, the objects of her bounty, and the business that she was about, in other words, concurring in the contention of contestants upon that point. But that court held the error harmless, saying:

"Had the issue as to the mental capacity of testatrix been sharply contested, so that the argument complained of might have affected or changed the verdict of the jury, we would not hesitate to reverse the judgment; but we find no such condition. * * * The evidence offered for the purpose of showing that Miss Bell was not of sound mind at the time of the execution of the will was so weak as to be of but little, if any, probative force. The evidence, as we view it, is so overwhelmingly in favor of the sanity of Miss Bell at the time of the execution of the will as to render a finding to the contrary unsupportable by the evidence. A finding to the contrary would have been so against the overwhelming weight and preponderance of the evidence as to be clearly wrong, and in such case such finding could not be upheld by the court."

The sole assignment of error before us complains of this argument and the action of the court upon plaintiffs in error's objections thereto.

[1] We agree with the Court of Civil Appeals that the argument was an improper one, and should work a reversal of the case, unless upon the whole record it can be excused as harmless. If the reasoning of the Court of Civil Appeals with respect to the sufficiency of the court's definition of sound mind is correct, a matter not before us (see Morris v. Morris [Tex. Com. App.] 279 S. W. 806), it is so because the definition is broad enough to include and does cover the precise insistence of contestants included in their objections to the argument, and the court's overruling these objections necessarily amounted to an interpretation of the instruction to the jury contrary to that given by the Court of Civil Appeals, and contrary to the law governing such a situation. The case therefore has not been tried upon a correct theory of the law, but in fact upon an improper conception thereof. But it was decided the error under the facts of this case was harmless. Let us see as to this doctrine of harmless error.

In M., K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508, where improper evidence was admitted, the Supreme Court, through Chief Justice Gaines, said:

"The true rule is that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. Since it does not so appear with reference to the testimony in question, the judgment must be set aside and a new trial awarded."

The Chief Justice cites a prior Supreme Court decision for the holding.

[2] In Houston, etc., Co. v. Gray, 105 Tex. 42, 143 S. W. 606, where the matter of attorney's fees in a personal injury case was im-

properly discussed in the jury room, Chief Justice Brown said:

"If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury, we would feel inclined to exercise our authority and set it aside."

This rule of practice has been expressly approved and followed in later cases. Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Gulf, etc., Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; San Antonio, etc., Co. v. Alexander (Tex. Com. App.) 280 S. W. 753.

So that, there being error in the proceedings through which plaintiffs in error lost their case, the cause should be remanded, unless it affirmatively appears from the record that such error was harmless; or, differently stated, a reversal should follow if there is any reasonable doubt of its harmful effect. There is no reason to hold that this rule should apply to errors of the court in admitting or rejecting evidence and to errors of the court in passing upon the misconduct of the jury, and to deny that it applies to errors of the court in his rulings upon arguments of counsel to the jury. What difference can it make if the jury considers something it should not consider, whether it be through an improper ruling of the court, the impassioned argument of counsel, or the clandestine receipt of information outside the courtroom? The nature of the error is the same, and the consequences to the injured party are identical in each case. There are not different rules of reversal based upon any such fanciful classification of error. Logically, in all cases, the error inheres in the ruling or action of the court, whatever be the subject-matter of such ruling. No appellate court would think of reversing a trial court for an improper argument of counsel or for misconduct of the jury or any other act not of the court himself, without in some way calling the matter to the attention of the trial court and procuring his ruling thereon. The complaint therefore is at last based upon the ruling of the court, whether that ruling occurs immediately upon the happening of the event or later upon the motion for new trial.

[3] But the question of harmless error was not raised in the cases that have been discussed, and we come now to consider defendant in error's contention that under the circumstances of this case the ruling of the court upon the objections to counsel's argument, even though erroneous, should not work a reversal of the case. The very full printed arguments, evincing deep research into the question by counsel for defendant in error, coupled with the known ability of such counsel, have challenged our best considera-

tion of the question. Aside from this, the question of practice itself is of such importance as to demand careful thought. If the rule of practice in such a case is not already settled by the authorities, it should be settled now. In the brief of arguments referred to, counsel assert the following propositions: (1) To authorize a reversal on account of error, there must be a finding of prejudice; (2) improper argument will not be regarded as prejudice where the verdict is supported by the overwhelming weight of the evidence and where any other verdict would have been set aside; (3) whether plaintiff in error was prejudiced by the alleged improper argument of counsel involves an inquiry of fact, and the finding of the Court of Civil Appeals is final. From these propositions, argued at great length and with much learning, it is contended, in view of the findings of the Court of Civil Appeals, the error should not work a reversal. These propositions cannot be sustained under the authorities. Neither of them is sound, but each is contrary to the prevailing rule of decision in this state. We will notice them seriatim. We have seen, in the Hannig Case, that:

"The true rule is that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence."

In the Gray Case, supra, that:

"If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury," a reversal should follow.

And likewise in that line of cases cited above that the rule in the Gray Case is constantly followed. These authorities are decisive against the contention that to authorize a reversal on account of error there must be a finding of prejudice. On the contrary, they firmly establish the rule to be that, unless it affirmatively appears no prejudice resulted, or that there was no reasonable doubt of the harmless effect of the error, a reversal must follow. The two rules being compared are entirely inconsistent. They are the very opposite of each other. Of course we are considering only material errors in any event.

[4] The cases relied upon for defendant in error as to the burden of showing prejudice do not support them. They are such cases as Day v. Stone, 59 Tex. 612; Johnson v. Blount, 48 Tex. 38; Willis v. Lowry, 66 Tex. 540, 2 S. W. 449; G. H. & S. A. Ry. v. Duelin, 86 Tex. 450, 25 S. W. 406; I. & G. N. Ry. v. Irvine, 64 Tex. 529; and other similar ones. There is that in each of these cases which we construe as bringing them within the rule of later cases above discussed, holding that material error will necessarily call for a reversal unless it can be affirmatively said to be harmless, or beyond a reasonable doubt in such re-

spect. For illustration, in the Duelin Case, the Supreme Court expressly said:

"The damages awarded are but a moderate compensation for the plaintiff's injuries, and indicate that the jury, in rendering their verdict, *were not influenced* by the inflammatory language of counsel." (Italics ours.)

In Johnson v. Blount, 48 Tex. 38, the state of the record was such that the matter complained of did not appear to be error at all, or at least was not one of such nature as *was calculated* to injure. In Day v. Stone, 59 Tex. 612, "it is clear that *no injury could have resulted* to appellant from the rulings of the court assigned as error." In Willis v. Lowry, 66 Tex. 540, 2 S. W. 449, the facts were such that there appeared no reasonable doubt with the Supreme Court that the improper argument had not affected the verdict. In Moore v. Moore, 73 Tex. 382, 11 S. W. 396, it is expressly recognized that, if "there was anything tending to show that the verdict was thereby influenced [improper argument], such language might authorize a reversal." And so in most, if not all, of the cases cited by defendant in error, the rule is recognized, or at least not violated, that error calculated to prejudice the complainant will work a reversal, unless it can be said from the entire record it probably had no such effect. At any rate, the rule is now too well established by the later cases to admit of question.

The contention that improper argument will not be regarded as prejudicial, where the verdict is supported by the overwhelming weight of the evidence and where any other verdict would have been set aside, cannot be sustained as urged. But in this case the Court of Civil Appeals has not held, and indeed it could not rightfully have held, there was no evidence upon the part of contestants to take the case to the jury. That the trial court or the Court of Civil Appeals, in the exercise of its constitutional power, might or would have set aside a verdict for contestants as being unsupported by the evidence, is of no importance in the case. If the case was one to be submitted to the jury, it should have been submitted without error calculated to affect the verdict. No other theory is defensible. As matter of law, the evidence was sufficient, if believed, to support a verdict against the will. Whether sufficient as matter of fact to satisfy the trial court or the Court of Civil Appeals, we cannot say. That is a question over which we have no jurisdiction. That question, though, has never arisen in the case. The jury must first decide the question properly presented to it before any court can pass upon the question of the sufficiency of the evidence to support the verdict. Parker v. Miller (Tex. Com. App.) 268 S. W. 726.

[5, 6] The final contention that, whether plaintiffs in error were prejudiced by the alleged improper argument involves an inquiry of fact and a finding of the Court of Civil Appeals thereon is final, is fallacious. The judgment of the Court of Civil Appeals is binding only on the facts of a case, but never (with certain statutory exceptions) upon a question of law. This contention is based upon a misconception of the Constitution and statutes of jurisdiction. Article 5, § 3, of the Constitution of Texas, provides:

"The Supreme Court shall have appellate jurisdiction only, except as herein specified, which shall be coextensive with the limits of the state. Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction, under such restrictions and regulations as the Legislature may prescribe."

The statutes (article 1728, Vernon's Ann. Tex. Stats. 1925) likewise confer upon the Supreme Court appellate jurisdiction coextensive with the limits of the state extending to all questions of law arising in certain cases. Article 1820 declares:

"The judgments of the Courts of Civil Appeals shall be conclusive in all cases on the facts of the case."

Now the element of finality upon the part of the judgments of the Courts of Civil Appeals is of course thus made statutory. The statute of finality by its terms applies to the judgments "on the facts of the case." This necessarily means the issuable facts presented by the pleadings, and does not extend to these incidental fact matters which may and often do require determination as a basis for the court's ruling upon some matter of law or procedure. Rulings involving pure questions of law are often, and indeed perhaps in all cases, based upon the facts, as they are determined by the court, but such facts are not the issuable controlling facts within the meaning of the statute making final the judgments of the Courts of Civil Appeals upon the facts. Such a situation is presented in the familiar instances of rulings upon continuances, severances, order of arguments, new trials, and other like questions of practice and procedure. So that, independent of any other consideration, it should be held that the finding of the trial court or of the Court of Civil Appeals even as a fact, that prejudice is or is not shown by a certain error, is not a judgment upon the facts of the case to such extent as to preclude the Supreme Court from passing upon the question of law reviewing the error.

Such a contention is no more logical than would be the contention that the trial court could enter into an inquiry as to the existence of prejudice from an erroneous admission of testimony, the giving of an incorrect charge, or the like. The facts as to which the judgment of the Court of Civil Appeals binds are those of a nature to be submitted to the jury as issues in the case.

But we have shown that in truth it is not

a question of actual prejudice to entitle one to a reversal for error. The real rule is that, where error is of such a nature under all the circumstances as probably to have prejudiced the complainant, reversal should follow as matter of law. See San Antonio, etc., Co. v. Alexander (Tex. Com. App.) 280 S. W. 753, and authorities there cited.

Some of the language of Proctor v. Cisco, etc., Co. (Tex. Com. App.) 277 S. W. 1047, lends color to defendants in error's argument, but the decision does not. The opinion shows probable injury, the writer saying:

"In this case plaintiffs in error were not entitled to the imaginary testimony of the other passengers on the train to corroborate their witness on the issue as to whether the coach was allowed to become cold and disagreeable,"

—a clear finding of probable prejudice to the railroad company, the argument complained of having just that effect.

In determining such probable injury, it is of course proper and even necessary to judge the matter in the light of all the evidence or other part of the record affecting the question. To do otherwise would be an incomplete consideration of the circumstances surrounding the error. To do this properly may involve an examination of all the evidence and a conclusion thereon, but such conclusion for the purpose of the ruling is not the judgment on the facts, which in any event is final with the Court of Civil Appeals. It is a mere preliminary and incidental inquiry as a basis for a ruling upon a law point, and as such is reviewable by the Supreme Court. The right and duty to thus consider and even weigh the evidence to an extent is that of the Supreme Court as well as of the Courts of Civil Appeals or trial courts. Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104. No other rule is defensible, and certainly no other rule has been practiced by the Supreme Court. If it were not so, few of the errors with respect to arguments of counsel or misconduct of juries could have been considered by the Supreme Court in those numerous cases wherein that court has actually entertained jurisdiction of such errors, often reversing the judgments of the Courts of Civil Appeals or the trial courts, as the case may have been, and in each of which the Supreme Court found necessarily that there was or was not probable prejudice—a finding which defendant in error insists is one of fact which the Supreme Court can never make.

We therefore recommend that the judgments of both the Court of Civil Appeals and the trial court be reversed, and the cause remanded for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.