CURETON, C. J. The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified to the Court of Civil Appeals.

---

**DAVIS, Agent, v. HILL.** (No. 811—4836.)*

Commission of Appeals of Texas, Section B.
Oct. 12, 1927.

**I. Trial ⟾121(2)—Argument that testimony was untrue held warranted by conflict in evidence.**

Argument of plaintiff's counsel that testimony of defendant's witness was untrue *held* warranted by conflict in testimony and circumstances.

**2. Trial ⟾121(2)—Argument that witness was subjected to improper influence held warranted, where counsel might conclude that testimony was untrue, and witness had not testified in first four trials.**

Argument of counsel for plaintiff that there had been improper influence on witness for defendant *held* warranted, where counsel was justified in concluding that witness' testimony was untrue, witness was employed by defendant, and witness had not testified at the first four trials.

**3. Trial ⟾120(1), 121(2)—Arguments must be confined to facts and circumstances in evidence and to deductions fairly to be made therefrom.**

Counsel must confine his arguments to facts and circumstances which are in evidence and to deductions which may be fairly made from them, and he may not supplement the facts or emphasize his contention by discussion of matters not fairly within reasonable deduction from the testimony and circumstances.

**4. Trial ⟾133(6)—Presentation of improper matter will ordinarily be cured by ruling that matter is improper, and especially by instruction not to consider it.**

Ordinarily, error in presentation of improper matter to the jury will be cured by a ruling of the court that the matter is improper, and especially by an instruction not to consider it.

**5. Trial ⟾133(6)—Improper argument will not be cured by ruling that it is improper and by instruction not to consider it, if there is reasonable doubt as to its effect.**

Improper argument of counsel will not always be cured by ruling of court that it is improper, and by instruction not to consider it, but a reversal will be granted, if there is a reasonable doubt as to the effect that the argument had on the verdict.

**6. Appeal and error ⟾1026—If there is reasonable doubt whether error probably affected verdict, new trial should be granted or reversal ordered.**

In all cases where error is committed, the test of its harmful effect is whether or not the verdict has probably been affected; and, if there is a reasonable doubt in the mind of the court on this question, a new trial should be granted, or a reversal ordered.

**7. Appeal and error ⟾972—Conclusion of lower courts that argument respecting relative financial status, if error, was rendered harmless by instruction not to consider it, held not abuse of discretion, and hence not error.**

In action for death of pedestrian struck by train, conclusions of trial court and of Court of Civil Appeals that any error in argument of plaintiff's counsel regarding plaintiff's financial inability to produce witnesses compared with defendant's financial ability to do so was rendered harmless by objection, and instruction of trial court not to consider the argument *held* not abuse of discretion and hence not error.

**8. Appeal and error ⟾930(2)—Jury is presumed to obey instructions to disregard argument.**

Jury is presumed to obey instructions to disregard argument of counsel.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by Mrs. Alda Hill against Walker D. Hines, Director General of Railroads, and another. By amended petition plaintiff prosecuted the action both for himself and for the use and benefit of others. One Payne, Agent, was substituted for the named defendant, and thereafter James C. Davis, Agent, was substituted for Payne. Judgment for plaintiff for her own benefit against the named defendant was affirmed by the Court of Civil Appeals (291 S. W. 681), and said defendant brings error. Affirmed.

Terry, Cavin & Mills, of Galveston, and Nat Harris, of Waco, for plaintiff in error.

J. A. Kibler and Tom Hamilton, both of Waco, for defendant in error.

SPEER, J. This is an action by Mrs. Alda Hill, surviving widow of G. E. Hill, deceased, against the Director General of Railroads and the Gulf, Colorado & Santa Fé Railroad Company for the recovery of damages for negligence causing the death of her husband. The case has been several times tried and appealed, the last appeal, from which this writ of error was sued out, being reported in 291 S. W. 681.

[1] The writ of error was granted to review those assignments of error by the railroad and its director, complaining of the argument of counsel for plaintiff.

First, it appears that counsel for plaintiff,

---

(298 S.W.)

in his opening argument to the jury, used the following language:

"It looks to me, gentlemen, and I am warranted in saying it, that that man's testimony [Ferguson, a witness for the defendants] was made out of whole cloth from start to finish. If that is true, gentlemen, there has been an influence working in this case that was not proper. * * *"

And:

"Now, let's see some of the things that this witness Ferguson says: He, it seems like—I don't know who is responsible for it, but it just seems like somebody connected with the railroad company were not willing to let him attend so that the fellow could testify in this case this time in person. * * *"

The defendants objected to the argument because the same was "improper, unwarranted, and prejudicial, and there was no fact in evidence to justify it." The objections were overruled.

[2] The valuable right of counsel to argue his case should not be so restricted as to deprive him of the right to state fully his version of the testimony and the credibility of the witnesses in the light of all the circumstances. There was such conflict in the testimony and circumstances in this case that amply justified counsel for plaintiff in his conclusion that the testimony of the witness Ferguson was untrue. And if, as stated by counsel, such was the case, there is room for the further conclusion there had been some improper influence. As stated by the Court of Civil Appeals, this witness was, at the time of the trial, and had been for a number of years, in the employ of the railroad company. The general claim agent of the company had talked with Ferguson and knew his version of the facts of the case since shortly after the suit was filed in 1919, yet he was never called as a witness by deposition or in person until 1924, after the case had been tried four times. Upon the last trial the witness did not appear and testify in person, but his deposition was used. He had testified in person upon a former trial. We agree with the Court of Civil Appeals that counsel's charge was not an unfair criticism of the witness or of the railway company, but was entirely within his rights under the record.

Another bill discloses that, while counsel for plaintiff was making his closing argument, he spoke as follows:

"In counsel's argument, he did just as I told you he would, and jumped onto our witness King. He suggested that we had not brought anybody from Limestone county to prove that Mr. King had a good reputation, and, in corroboration of his witness Ferguson, he suggested that Mrs. Ferguson was not telling the truth, he asked why we had not brought some witnesses from Johnson county to establish that fact. My reply to that, gentlemen, is that there is a limitation, sometimes, on a party, when they are trying to carry on a lawsuit that

keeps them from doing everything that they might do by way of finance. It might be, gentlemen, that we might have had a cloud of witnesses here from Limestone county, to prove that Bob King, at least, is an ordinary respected citizen in the community where he lives, and we might have had some witnesses here from Johnson county to prove what character of man this man Ferguson is, if we had been financially able to do that. That is my reply to counsel's suggestion with reference to both of those witnesses. It seems like they were able to bring witnesses here by the clouds, many of them, almost any kind of a witness they wanted, in order to establish any kind of a fact they wanted to establish. * * *"

Upon objection by counsel for defendants, the court remarked:

"Well, Mr. Kibler, I will have to be a little more strict with you now, because this is the concluding argument. There is not any evidence here about the financial ability of any of these parties, and I think that is out of the record. Just discuss the testimony now."

The court then instructed the jury not to consider the argument on part of counsel. To the bill is appended the following explanation:

"Mr. Harris, defendant's counsel, in his argument to the jury, used the following language: 'And then he says there are 50,000 people in Limestone county, and only 8 or 10 or 12 came over here to testify to Bob King's reputation. Well, that is 8 or 10 or 12 out of 50,000 more than have come over here to testify to Bob King's good reputation. That is worthy of some consideration. This case has been tried six times, and yet they have not brought a single man from Limestone county who knew Bob King to testify that his reputation for truth and veracity was good. * * * In reference to the witness Ferguson, you are the judges of the credibility of his testimony and the weight to be given thereto. They have not brought anybody here to show that he is unworthy of belief.'"

The point of argument by plaintiff in error is that this language of counsel for plaintiff amounted to an appeal to the prejudice and passions of the jury and was an attempt to bias and warp their judgment in favor of the plaintiff by reason of the unequal financial conditions of the parties.

[3] The principles governing such matters are fairly well understood and are not difficult of statement. It is elementary that counsel must confine his arguments to the facts and circumstances in evidence and to deductions fairly to be made from them; that he will not be allowed to supplement the facts or emphasize his contention by the injection into the case of a discussion of matters not fairly within any reasonable deduction from the testimony and circumstances. The courts have not been slow to reverse cases where this rule of argument has been violated to the probable prejudice of the losing party.

[4] Where a matter is improperly before the jury, ordinarily, a ruling by the court to

that effect, and especially an instruction not to consider the same, will be held to cure the error. City, etc., v. Charbonneau (Tex. Civ. App.) 166 S. W. 387; Jones v. Wright (Tex. Civ. App.) 92 S. W. 1010; Hogan v. Missouri, K. & T. R. Co., 88 Tex. 679, 32 S. W. 1035; Galveston, etc., Co. v. State (Tex. Civ. App.) 194 S. W. 462; El Paso Electric Ry. Co. v. Terrazas (Tex. Civ. App.) 208 S. W. 387; Kansas, etc., Co. v. Cliett (Tex. Civ. App.) 216 S. W. 682.

[5] But it is not always true that such measures will relieve the error and prevent a reversal in matters of improper argument. It sometimes happens that the language is so inflammatory or the disclosure of fact is of such a nature that the sustaining of an objection and an instruction to the jury not to consider it will not remove the prejudicial effect. Fort Worth, etc., Ry. v. Hayes, 51 Tex. Civ. App. 114, 111 S. W. 446; Trueheart v. Parker (Tex. Civ. App.) 257 S. W. 640; Austin v. Gress (Tex. Civ. App.) 156 S. W. 535; Texas, etc., Ry. v. Rasmussen (Tex. Civ. App.) 181 S. W. 212. The object of every trial is to give the parties a fair hearing according to the facts and circumstances properly before the jury.

[6] One of the latest cases reviewing this subject and perhaps the very latest before this section of the commission is Bell v. Blackwell, 283 S. W. 765. In that case the rule of practice laid down in Houston, etc., v. Gray, 105 Tex. 42, 103 S. W. 606, was discussed and applied. The Gray Case has been consistently followed by the Supreme Court and the rationale of the rule there announced is, if there be a reasonable doubt as to the effect the argument had upon the verdict, a reversal should follow. In the Bell v. Blackwell Case, it is pointed out that this rule of practice is applied and should be applied to errors upon the trial, whether in the admission of evidence, argument of counsel, or misconduct of the jury. The rational test in all cases where error is committed is whether or not under all the circumstances attending the matter the verdict has probably been affected by it. If there is a reasonable doubt in the mind of the court upon this question, a new trial should be granted or a reversal ordered. But in the nature of things, every case must be determined upon its own particular facts and circumstances.

[7, 8] We are inclined to think, in view of the court's qualification of the bill, that counsel's argument was a reasonable reply to the challenge of counsel for the plaintiff in error, and was provoked and justified thereby. See Texas, etc., Ry. v. Garcia, 62 Tex. 285. But, whether so or not, the court's instruction to the jury not to consider the same must be held to have relieved the case of any probable error. Jurors must be presumed to have obeyed the instructions of the court, so far as

they were capable, and the language complained of is not of that inflammatory character, and is not of that evidentiary nature as to preclude the conclusion that the jury did obey the court's instruction, or even to make the matter at all doubtful.

Again, it is a well-established rule of practice in matters such as this that the trial court will not be reversed, except for an abuse of the exercise of that discretion lodged in him by law. Texas, etc., Ry. v. Garcia, 62 Tex. 285; Beaumont, etc., v. Dilworth (Tex. Civ. App.) 94 S. W. 352; San Antonio, etc., Ry. v. Alexander (Tex. Com. App.) 280 S. W. 753. Here, both the trial court and the Court of Civil Appeals have held that the proceeding was not such as probably to affect the verdict. We cannot say they have abused their discretion.

We therefore recommend that the judgments be affirmed.