## HANOVER FIRE INS. CO. v. D. W. RAY & SON et al.
### No. 12221.

Court of Civil Appeals of Texas. Fort Worth.
Jan. 4, 1930.

Rehearing Denied Feb. 8, 1930.

Lewis T. Carpenter and E. G. Senter, both of Dallas, for appellant.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellees.

DUNKLIN, J.

The Hanover Fire Insurance Company issued to D. W. Ray & Son a fire insurance policy covering a cotton ginning plant situated in the town of Kerens, Navarro county, Tex. This suit was instituted to recover the alleged losses resulting from a fire which destroyed the property which was insured. A judgment was rendered in favor of the plaintiff for $5,023.80, with 6 per cent. interest

thereon from the date of the judgment, and the insurance company has prosecuted this appeal. ·

■ In the policy the insured was designated as "D. W. Ray & Son," with nothing to indicate whether the insured was a partnership or a corporation; but the evidence shows that it was in fact a corporation, and the suit was instituted in that name, by and through C. D. Ray and D. L. Orr as surviving directors and trustees of the corporation after it had been dissolved. The defendant insurance company, by special plea, alleged that "D. W. Ray & Son" was a partnership, composed of D. W. Ray and son, and that since the title to the property insured was not vested in a partnership, but in a corporation by the same name, there could be no recovery by reason of the following provision contained in the policy: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured in the property be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

That defense was predicated upon the assumption that the name "Ray & Son" necessarily showed a partnership composed of D. W. Ray and his son as the persons insured, but the policy does not so state, the name being used merely to identify the insured, which beyond doubt was plaintiff corporation. There is no merit in this defense, and it was properly overruled.

The record shows that there were several other insurance policies outstanding against the property at the time of the fire, and the loss sustained by reason of the fire, as shown by the court's findings, amounted to a total of $24,250. According to a provision in the policy in this suit, the defendant was not liable in excess of its pro rata portion of the loss computed upon the basis of the amounts of insurance covered by all the policies, respectively; and the judgment rendered was in compliance with that provision.

The record shows that one Joe Sheppard was the defendant's local agent in the town of Kerens, and that he issued and delivered the policy to the plaintiff, insuring the property for one year, beginning at noon of November 25, 1925, and ending at noon of November 25, 1926, and on November 30, 1925, mailed to the defendant at its home office in the city of New York a report of such issuance; and that immediately upon receipt of such notice, the defendant sent the agent Sheppard the following telegram:

"December 2, 1925.
"Joe Sheppard, Kerens, Texas.

"Please cancel immediately Hanover Terminal 38 Ray Class prohibited."

That telegram was received at Sheppard's office near the middle of the same day it was sent. Its actual receipt was by Mrs. Sheppard, wife of Joe Sheppard, who was left in charge of the office while the husband was out of town. The husband returned home late in the afternoon of the same day. The fire occurred at 4 o'clock on the following morning, to wit, December 3, before plaintiff was notified of such cancellation.

■ Defendant's answer contained, among others, the following allegations:

"That it is provided in the policy sued on, and the same is a material part thereof, 'this entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstances concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.'

"Defendant shows that each and all of the provisions and stipulations of the policy here quoted were breached, and by reason thereof the policy was made void. Defendant shows that the policy sued on was procured from defendant through artifice and fraud; that the risk represented by the policy was, according to the rules and regulations of defendant, not insurable; that this fact was well known to the assured and its agent, who procured the policy, or should have been known by them; that prior to the issuance of the policy sued on the assured had procured a number of policies in succession, each covering the property described in this policy; that when each of such policies was reported to the company in whose name it was issued, each of such companies promptly cancelled out the risk and so notified the assured and its agent; that because thereof the assured well knew, or should have known, that said risk was not and would not be acceptable to this defendant; that the assured well knew that it could not get insurance from this defendant if it were acquainted with the facts and circumstances surrounding the risk and if defendant knew that such companies to which the assured had applied for insurance upon said property had declined the risk and cancelled out policies which had been written thereon; that with knowledge of all of said facts the assured with the malicious and wilful and wrongful intent to defraud this defendant caused and procured defendant's agent to issue the policy sued on, *said agent wrongfully acting in collusion with* the assured at the time; and also acting as the assured's agent in the transaction; that the assured so acting in collusion with defendant's agent, caused and procured the *policy to be issued without the knowledge or*

consent of this defendant, well knowing at the time that if defendant knew the facts it would not permit the policy to be issued; that the assured and defendant's own agent, acting and colluding together, wrongfully concealed from defendant the fact that said policy was issued and failed to report same to defendant promptly as they should have done. * * *

"That by reason of all of said facts above set out the policy sued on was procured by plaintiffs, acting in collusion with defendant's agent and by making him their agent, with the intent and purpose to defraud this defendant and to procure from it a policy of insurance without its knowledge or consent and against its positive instructions; that by reason thereof and by reason of the fraudulent concealment of the facts from defendant by plaintiffs and their agent, said policy of insurance never took effect and never became a binding obligation against this defendant. * * *"

Plaintiff addressed special exceptions to those allegations of fraudulent collusion between Sheppard and the assured on the ground that the same consisted of mere conclusions of the pleader without allegation of facts sufficient to support them. Those exceptions were sustained, and those allegations were stricken out by the court; and error has been assigned to those rulings

We have reached the conclusion that the assignment now under consideration should be sustained. The issue of fraudulent collusion was clearly invoked in the stricken pleading, and in support thereof the defendant had the right to rely, not only upon specific facts alleged in that portion of its answer, but upon all other facts and circumstances in evidence which were also pleaded, such as the receipt at Sheppard's office of the telegram on the day before the fire, and the failure of Sheppard to cancel the policy as he was instructed to do by the telegram, notwithstanding the reasons given by Sheppard for his failure so to do. All of those facts and circumstances were sufficient to require the court to submit that defense to the jury, and the action of the court in striking out that defense was equivalent to a peremptory instruction that those facts were insufficient as a matter of law, to support that defense. See Life Ass'n v. Parham, 80 Tex. 518, 16 S. W. 316.

■■■ After the pleading presenting the defense of fraudulent collusion was stricken out, it was not incumbent upon the defendant to offer any proof of the facts alleged in that pleading, nor to request a submission of that issue to the jury. And it is to be noted that that defense was not submitted to the jury. The fact that the plaintiff had given Joe Sheppard general authority to take out a policy of insurance on the property with discretion to select the company in which the same should be insured, and with further authority to cancel out any policies whenever the same became necessary and take out other policies in place thereof, did not have the effect to make Sheppard the agent of the plaintiff and not the agent of the defendant in the issuance of the policy, as insisted by appellant in other assignments of error. Nor was the policy invalidated by reason of the fact that the returned premium theretofore paid by the plaintiff on another policy which had been canceled was applied by Sheppard in satisfaction of the premium charged on the policy in controversy.

The evidence showed that the policy in controversy was issued to take the place of another policy theretofore issued by the North River Fire Insurance Company, which had been canceled. That policy embodied a provision that in order to cancel it, it was necessary to give five days' prior notice of such intention to cancel. Appellant insists that since that policy was canceled without giving such prior notice, the policy was in full force and effect at the time the policy in controversy was issued, and that therefore the latter was of no binding force or effect. There is no merit in this contention, since the facts recited show a cancellation by consent of the parties thereto, and since defendant had no interest in that contract it is in no position to object to such cancellation.

Error has been assigned to the refusal to submit several special issues requested by appellant. We deem it sufficient to say that some of those issues were merely of an evidentiary character, while others were necessarily involved in the issues that were submitted by the court.

We conclude further that the evidence was sufficient to support the findings of the jury upon all the issues submitted by the court.

For the error pointed out above in striking out the defense of fraudulent collusion between defendant's agent Sheppard and the plaintiff in the procurement and issuance of the policy in controversy, the judgment of the trial court is reversed, and the cause is remanded; but all other assignments presented by appellant are overruled.

### On Motion for Rehearing.

■■■ The appellees insist that we erred in sustaining the assignment of error addressed to the action of the court in sustaining appellees' exception to that portion of defendant's answer copied in the opinion on original hearing; since, as contended by appellees, allegations in substance to the same effect in the same answer were not stricken out, and therefore the defense of fraudulent collusion between defendant's agent Joe Sheppard and the assured was still available to the defendant notwithstanding the exclusion

of other portions of the answer. The point made is that in view of what has just been stated, the error, if any, in the ruling of the court just pointed out was harmless, at all events.

We cannot concur with appellees in the view so taken. It is manifest, from the ruling of the court in striking out the allegations in appellant's answer just referred to, that the trial court intended to hold, and did in effect rule, that the pleading of the defendant failed to present facts sufficient to show a fraudulent collusion between Joe Sheppard, the agent of the defendant, and the assured; and it would be unreasonable to hold that notwithstanding such ruling, counsel for defendant should believe that he would have the right to insist upon the same defense, introduce evidence in support thereof, and request the submission of that issue merely because similar allegations still remained in the pleading. And it is to be noted further that the allegations so remaining were not so specific as those stricken out and apparently were more nearly subject to the exceptions addressed to the stricken pleading on the ground that it presented mere conclusions of law, rather than facts upon which the defense of fraudulent collusion was predicated. See Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765, and decisions there cited.

The motion for rehearing is overruled.