**YOUNG v. KANSAS CITY, M. & O. RY. CO.**

No. 992.

Court of Civil Appeals of Texas. Eastland.

Oct. 7, 1932.

Rehearing Denied Oct. 28, 1932.

Harry R. Bondies, of Sweetwater, for appellant.

Douthit, Mays & Perkins, of Sweetwater, for appellee.

HICKMAN, C. J.

By this suit appellant sought damages against appellee arising out of an alleged slanderous statement made by certain officials of the appellee concerning him. The case was submitted to a jury on one special issue only, which issue was as follows: "Did A. V. Davis, on the occasion in question, utter the language attributed to him in plaintiff's petition?" To this issue the jury answered "No," and judgment was rendered in favor of appellee.

■ Appellant's brief contains two assignments of error. One of these assignments challenges the sufficiency of the evidence to support the answer of the jury to the special issue submitted. We do not think it necessary to write at length upon this assignment. There was positive evidence of probative force in the record supporting this answer, and it would be a usurpation by the court of the functions of the jury for us to overturn it.

■■ The other assignment complains of alleged improper argument on the part of one of the appellee's attorneys. The bill of exceptions preserving the matter recites that one of appellee's attorneys, in argument to the jury, "charged and said this was a pretended, fictitious and make-believe suit; that it was in the making and brewing before the facts upon which it is based had transpired, and that, if the defendant was an individual like Felton Graham, (a juror), and not a corporation, the' suit would not have been brought." No objection was made to this argument during the trial of the case, and the matter was called to the court's attention for the first time in appellant's motion for a new trial. This argument may have been improper, although we entertain doubts as to this, but, even if so, appellant lost his right to assign same as error by his failure to preserve a timely exception thereto. The general rule is that objection to improper argument of counsel in presenting a case to the jury should be made at the trial, and not presented for the first time in a motion for a new trial. There are recent decisions, including some by this court, Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169; Nicholson v. Nicholson (Tex. Civ. App.) 22 S.W.(2d) 514, holding that improper argument, injecting into the case matters foreign thereto, which are highly inflammatory and prejudicial, may, in a proper case, be complained of on appeal, although objection was urged thereto for the first time in a motion for new trial, 3 Tex.

Jur. § 147, pp. 222–224. The argument above quoted does not fall within the exception.

There appearing no reversible error in this record, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

The motion presents a very able argument in support of the contention that the cause should be reversed and remanded, notwithstanding the fact that objection to the argument claimed to have been improper was made for the first time on motion for rehearing. A review of the question has confirmed us in the belief that our original holding was correct. The opinion of Judge Speer in Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765, must be considered in connection with the later opinion by the same author in Davis v. Hill (Tex. Com. App.) 298 S. W. 526. The latter case is authority for our holding in the original opinion.

The motion for rehearing will be overruled.