| 60 | 267 |
| 74 | 154 |

---

## T. & St. Louis R. R. Co. v. J. H. Jarrell.

(Case No. 1502.

1. TRESPASS TO TRY TITLE — EQUITY.— One who permits a railway company to enter upon his land and clear a right of way for its road-bed without objection, under verbal authority from him so to do, cannot afterwards repudiate the permission and maintain an action in trespass to try title to recover the strip so used for operating the road. Citing Mills on Em. Domain, sec. 142, and cases there cited, and 57 Mo., 256.

2. Practice — Argument of counsel.— See statement of case for remarks of counsel used in the closing argument of a cause, held calculated to prejudice the rights of appellant, and which should not have been permitted.

3. Evidence.— In a suit against a railway company to recover a strip of land used for the road-bed, the defense was, that the plaintiff had verbally agreed to give the right of way provided the citizens of the county were under legal obligations to secure the same, and that the company had entered upon the land under that agreement and cleared a way for a road-bed without objection. *Held,* that the exclusion of a subscription list signed by citizens of the county guarantying the right of way to the conpany was error.

Appeal from Henderson. Tried below before the Hon. John C. Robertson.

Trespass to try title, brought by J. H. Jarrell, against the Texas & St. Louis Railway Company, to recover a tract of land described in his petition, and $500 damages. Plaintiff alleged that the entry of defendant upon the land was wrongful and without his consent. Defendant disclaimed as to all of the land except a strip of one hundred feet in width, lying fifty feet on each side of its railway, and as to that part pleaded that its entry thereon was with the knowledge and consent of plaintiff, and that he had donated to defendant a right of way over it. To this plaintiff answered that though it was true, as claimed by defendant, that he had given the right of way, yet that the grant was insufficient, because the same was verbal, and no agreement or memorandum in writing was made thereof; and also sought to avoid said grant because of the non-compliance of the defendant with certain promises and agreements with the citizens of the town of Athens. At the fall term of the district court of Henderson county, a trial was had and resulted in a verdict and judgment in favor of plaintiff for $500 damages, but not the land.

On the trial the court refused to allow the defendant to prove the existence of an original subscription list by the citizens of Henderson county to defendant, and also the existence of another contract signed by some of said citizens, by which instruments was guaranteed to defendant by the subscribers thereof the right of way for its railroad through that county.

Geo. D. Manion, one of plaintiff's attorneys, in concluding his argument before the jury, his being the closing argument in the case, used the following language without being stopped or interrupted by the court, to wit: "That defendant corporation was a big thing, and had a line of railroad running from Cairo, Illinois, to Gatesville, Texas, and trains of fine palace cars, and that Jarrell's farm of two hundred acres was a little thing to defendant. That it had its paid

attorneys to fight for it, who dressed in fine clothes, and, while they might say that his orchard was a small affair, yet, if you were to try to hire them to plant one tree, they would charge more than Jarrell claimed for his damages. That Jarrell was a young man, just starting in life, and that this farm was a big thing to him. That railway companies, while they were entitled to the same rights as other individuals had, had no more, and should be held to a strict account, just the same as any of the jury would if they attempted to ride upon their trains without a ticket; they would have to pay or be put off. That unless the jury gave a verdict for Jarrell in this case, he could not recover his damages in another suit, as he would be barred by the statute of limitations."

*Richardson & Jones* and *Hubbard, Whitaker* and *Bonner*, for appellant.

*Coyner & Wilkinson* and *Manion & Adams*, for appellee.

West, Associate Justice.— The admissions of appellee in his pleadings, and his own testimony, as well as the evidence of other witnesses on the trial, tend very strongly to show that he had at one time agreed and contracted with the appellant to give the right of way through his farm near Athens, provided the citizens of Henderson county were under legal obligation to the appellant to secure the same.

The proof is also practically uncontradicted to the effect that, acting upon this contract and understanding with the appellee, the appellant had some time before, probably a short time, but certainly at some date previous to the appellee's attempt to revoke the authority so given to them, actually under this understanding, entered peaceably upon appellee's land, and though they had not graded their track through his property, had selected, by its proper officers, its line through his land, and had to some extent cleared the right of way, and were so in possession and so engaged, when the appellee, for the first time, forbade their proceeding further.

Whether he forbade them absolutely, even then, is not perfectly clear from the proof.

There is much testimony going to show that he then agreed that they might still continue their work if they would throw and heap the dirt from the cuts and excavations in a particular manner.

There is also some evidence going to show that about this time appellee agreed to sign a deed securing to appellant the right of way through the land in question, but afterwards refused to sign it.

Under all the facts disclosed as to the agreement in reference to the right of way, and as to the actual entry by appellant under such agreement, and the things transpiring between the parties after the entry, we are of the opinion that matters had reached a stage at which this agreement, or license to enter, could not be entirely repudiated by the appellee, and the permission to enter be revoked, and that in reason, as well as on the authority of like cases, he could not maintain the action of ejectment under the circumstances for the purpose of recovering from the appellant the strip in question used by them for operating their road through his land. Mills on Em. Domain, sec. 142, and cases cited in notes thereto; Provolt v. Ch., R. & Pac. R. R. Co., 9 Am. Railway Rep., 161; Same Case, 57 Mo., 256.

In view of the disposition we have concluded to make of the case, it is not deemed necessary, now, to discuss the question of damages. Smith v. Feris, 13 N. Y. Sup. Ct., 553; H. & E. T. R'y Co. v. Adams, 58 Tex., 476.

Nor is it necessary to review at any length the charge of the court, which, though in the main correct, was in some few respects liable to criticism.

On another trial these matters will probably be placed before the court and jury in a different light, and will demand a charge suited to the phase of the case as then presented by the pleadings and evidence.

We think the court erred in permitting the counsel of appellee, in his concluding address to the jury, to use the language contained in the bill of exceptions, and that the toleration of it by the presiding judge was calculated to prejudice the rights of appellant. Rules of Dist. Court, Nos. 39, 40, 41 and 121; Willis & Bro. v. McNeill, 57 Tex., 475; Thompson v. State, 43 Tex., 274; Hatch v. State, 8 Tex. Ct. App., 416.

We think, also, that there was error in the action of the court, under the circumstances of this case, as stated in the bill of exceptions, in excluding from the consideration of the jury the original subscription list, signed by the citizens of the town of Athens and county of Henderson, showing that the right of way had been guarantied by the subscribers to the railroad company.

We are also of the opinion that the court should have given in some form the substance of the special charge asked by the appellant, to the effect that, though the appellee did not make an express contract giving to appellant the right of way, yet if he had knowledge that appellant had entered on his land for the purpose of con-

structing its railroad bed there, and that trees were then being cut and removed for the purpose of preparing the right of way for grading, and by his acts at the time acquiesced in such entry, or, after such entry, ratified the same, and by not demanding prepayment of damages, or dissenting in some other manner, and informing the agents of appellant that he would make no further objection and that they might proceed with the work, and did in fact allow them to proceed, without further opposition, that such acts or acquiescence of his amounted practically to a consent on his part for appellee to proceed.

This instruction, though somewhat objectionable in its form of expression, as presented for the action of the court, still contained matter that, under the pleadings and evidence in this case, should have been very distinctly, indeed, submitted to the jury; if not in that precise language, at least in some form, fully and clearly, in the main charge.

This was not done in such a manner as to present that issue with sufficient clearness for the consideration of the jury, under all the facts in evidence before them in this case.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 30, 1883.]