Texas and Pacific Railway Co. v. Claude Beckworth.

### No. 855.

**1. Negligent Injury—Liability—Intervening and Proximate Cause.**
Where there is an intervening cause between the negligence of the defendant
and the injury sustained, so that such intervening agent becomes the proximate
cause of the injury, and was not such as could have been reasonably contemplated
from the act of the defendant, there can be no recovery.

**2. Same—Application of the Rule.**
Negligence of a railway company in failing to stop its train a reasonable length
of time for its passengers to disembark, and to provide reasonable facilities for
that purpose, does not render it liable for injuries sustained by a child of four
years who, after the train had started, was dropped off by a passenger, induced
thereto by the child's mother.

**3. Same—Injury to Another.**
In an action by a child for injuries sustained in disembarking from a train with
its mother, a charge so framed as to authorize a recovery if the mother was in-
jured, is error.

APPEAL from Van Zandt. Tried below before Hon. FELIX J. Mc-
Cord.

*M. H. Gossett,* for appellant.

*Kearby & Greer,* for appellee.

LIGHTFOOT, CHIEF JUSTICE.—The following statement from appel-
lant's brief is substantially correct: In September, 1891, appellee, four
years old, by his next friend, J. T. Beckworth, sued the appellant in
the District Court of Van Zandt County for $1500 for alleged personal
injuries received in a fall from the steps of the cars of appellant at
Wills Point on August 30, 1891. Appellant answered that its train
stopped at Wills Point on the occasion complained of, ample time for
the plaintiff and his mother to have alighted in safety. That if the
plaintiff was injured in any manner, which was denied, it was charge-
able exclusively to the negligence of his mother, in whose custody he
was. Trial October 26, 1893, resulted in a judgment against the appel-
lant for $100, from which this appeal is prosecuted.

The first error assigned is, in effect, that the court erred in refusing
to give to the jury the defendant's special requested charge No. 1. The
first special instruction requested by appellant, and mentioned in this
assignment, is as follows: "The jury is instructed that in this case,
although you may find that the defendant was negligent in failing to
stop its train at the proper place and in helping the plaintiff off the
train, yet if you find from the evidence that the plaintiff sustained no
injuries by reason of that negligence, if any, but did receive injuries
by being helped or dropped from the car by a passenger in said train,
not connected in any manner with the railroad company, after the
train had started to moving, and under circumstances that rendered

putting said plaintiff off the train dangerous, then defendant would not be liable for such injuries, and you should find accordingly."

Appellee's counsel contends that the substance of the above instruction was given by the court in the following portions of the main charge, viz.: "If, however, the injuries of plaintiff were caused by plaintiff's mother's negligence in remaining on the train after it had stopped, and she then went to a place on the train to get off where an ordinarily prudent person would not go, and then negligently tried to get off, and her own negligence put the plaintiff in the position where he would have to be put off, and plaintiff was injured, then plaintiff cannot recover, and you will find for defendant." * * * "Now, if the plaintiff's injuries did not result from the train not stopping long enough to allow plaintiff's mother and him to get off, nor did they result from a failure of the company's agent to stop where the plaintiff could get off safely, but from plaintiff's mother's negligence she was thrown from the train and she by her conduct induced a passenger to put the plaintiff off, then his injuries would not be the proximate result of defendant company, and you will find for the defendant."

We no not think the charge as given substantially covers the point attempted to be presented in the requested special instruction. The issue as presented in the pleadings of appellee were in substance, that he was a child of tender years, under the care of his mother, and was a passenger on appellant's train; that it arrived at Wills Point in the night time, and appellee was injured by reason of appellant's negligence in this: that it failed to provide a safe and proper place for its passengers to alight, and failed to stop its train long enough for them to get off in safety; that appellee's mother in attempting to get off was thrown down, and that plaintiff in attempting to get off was also thrown to the ground and injured.

There was testimony tending to show that after the mother of plaintiff fell, or was thrown from the steps, she called for some one she took to be a passenger, to put her son (plaintiff) off the train, and that plaintiff was put off by a passenger while the train was in motion.

While the point is not fully and carefully guarded by the special instruction asked, yet it was sufficient to call the attention of the court to the point, and the jury should have been instructed to the effect, that even if appellant was negligent in failing to stop its train a reasonable length of time for its passengers to disembark, and in failing to provide reasonable and proper facilities for that purpose, yet, if plaintiff sustained no injury by reason of that negligence, but did receive injuries by being helped or dropped from the car by a passenger on the train, after it had started to moving, and the act of such passenger in putting plaintiff off the moving train was not such an act as might reasonably have been anticipated under ordinary circumstances from appellant's negligent act, as a natural and probable result thereof, then the act of such a third person was an independent cause of the injury,

·and defendant would not be liable therefor. In other words, if there was an intervening cause between the negligence of the defendant and the injury sustained, so that such intervening agent became itself the proximate cause of the injury, and was not such as could have been reasonably contemplated from the act of defendant, then there can be no recovery. In discussing this question in the case of Seale v. Railway, 65 Texas, 278, Judge Willie said: "When a defendant has violated a duty imposed upon him by the common law, he should be held liable to every person injured, whose injury is the natural and probable consequence of the misconduct; and that the liability extends to such injuries as might reasonably have been anticipated, under ordinary circumstances, as the natural and probable result of the wrongful act. McDonald v. Snelling, 14 Allen, 290; Barron v. Eldredge, 100 Mass., 455; Kellogg v. Railway, 26 Wis., 223, 278.

"It is upon the question of what consequences are the natural and probable result of the wrongful act, or might have been anticipated as such, that the decisions diverge, and, in some cases, become irrecon-·cilable with each other. It is generally held, however, that if, subsequent to the original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote. Ins. Co. v. Tweed, 7 Wall., 52. This has been recognized as a correct rule in our own State. Brandon v. Mf'g. Co., 51 Texas, 121.

"What character of intervening act will break the causal connection between the original wrongful act and the subsequent injury is also left in doubt by the decisions. If the intervening cause and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrongdoer, the current of authority seems to be that the connection is not broken." See also Railway v. Woods, 28 S. W. Rep., 416.

2. The only remaining assignment of error which we deem it important to notice is the third; which is as follows: "The court erred in instructing the jury that if they found that plaintiff's mother used ordinary care in getting off defendant's train, and was injured, and ·the injuries were caused by the negligence of the defendant's servants, they should find for the plaintiff, thereby authorizing the jury to find for the plaintiff if the mother of plaintiff was injured.

The charge of the court does instruct the jury, in effect, that if the train did not stop a reasonably sufficient length of time to enable plaintiff and his mother, in her condition and circumstances, to get off in safety, and should further find that plaintiff's mother used all ordi-·nary care in getting off the train, and was injured, and the injuries were caused by the negligence of the defendant's servants and employes in not stopping the train a reasonably sufficient length of time to allow plaintiff and his mother to alight, then they should find for the plaintiff. This charge is linked by the disjunctive conjunction "or" with another proposition, under either of which the court instructs the jury the

defendant would be liable. Inasmuch as plaintiff's mother was not a party to this suit, and has nothing to do with it, such charge was not only erroneous, but calculated to mislead the jury under the facts proven.

For the errors above indicated, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*