FORT WORTH BELT RAILWAY COMPANY v. S. J. JOHNSON.

Decided February 5, 1910.

**1.—Practice—Refusal of Charges.**

Requested charges are properly refused when they instruct a verdict upon the determination of only one of several issues raised by the pleading and evidence; and so when the phase of the case presented thereby is sufficiently presented in the main charge of the court.

**2.—Same—Charge—Grouping Facts.**

While a litigant has the right to have presented in an affirmative form any group of facts constituting a defense or cause of action this right should not be so extended as to require the trial court to emphasize by a special charge each separate fact constituting the group.

**3.—Trial—Improper Argument—Insinuation of Perjury.**

Where, in a suit against a railroad company for damages for personal injuries, the testimony was sharply conflicting upon a material issue, but there was no contradiction or inherent improbability in the testimony of the witnesses for the defendant and no effort was made to impeach them in the regular way, it was error for the trial court to ignore an objection by defendant to the suggestion or insinuation of counsel for plaintiff in his closing argument that the witnesses for defendant had concocted the defense; and the fact that the charge of perjury was veiled in the form of a suggestion rendered it none the less prejudicial.

**4.—Same—Poverty or Wealth.**

Reference in argument to the poverty or wealth of contending parties is almost if not quite universally condemned. Such argument considered and held reversible error.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Lassiter & Harrison*, for appellant.

*McLean & Carlock*, for appellee.

CONNER, CHIEF JUSTICE.—Appellee was an experienced switchman, and while in the employment of the appellant company was thrown from the top of a moving car and sustained a compound fracture of one of his legs. In substance, it was alleged that appellee and two other members of a switch crew were engaged in transferring cars from one switch track to another, and that as he was walking upon and near the end of the last car but one, the pinman, as he is designated in the testimony, without notice or warning uncoupled the last car and signaled the engineer to reverse the movement of the train, which was suddenly done, thus throwing appellee forward and off the car. He alleged negligence in the foreman and pinman in causing the sudden uncoupling of the car without having given warning, and in the operatives of the engine for making the reverse movement with unusual and unnecessary force.

Appellant pleaded the general denial, and that appellee was guilty of contributory negligence in that, after due notice, he failed to properly secure himself in a position of safety, or if without notice, which was denied, he was guilty of negligence in having failed to acquaint himself with the contemplated movement of the cars and guard himself accordingly. The trial resulted in a verdict of eight thousand dollars, of which appellee remitted three thousand dollars, and judgment was rendered in his favor for the remainder.

Appellant has assigned error to the court's charge and to the action of the court in refusing a number of special charges, but inasmuch as we have concluded that the judgment must be reversed upon another ground, we will but briefly refer to the matter of the charges. Several of the special charges embodied the proposition that if the pinman believed that appellee had notice of the proposed uncoupling and movement of the cars, and acted in the premises with the care of an ordinarily prudent person, the verdict should be for the defendant. This was, however, to ignore other issues of negligence, particularly the alleged negligence of the engineer, and such charges were therefore properly rejected.

Other special charges on the issue of appellee's alleged contributory negligence, we think, were sufficiently presented in the court's main charge. While it is the right of a litigant to have presented in an affirmative form any group of facts constituting a defense, this right should not be so extended as to require the trial court to emphasize by a special charge each separate fact constituting the group.

But the error assigned to the main charge we regard as more serious. In the first paragraph the jury were instructed that "if the jury believe and find from the evidence in this case that on or about the 23d day of September, 1907, while plaintiff was in the employment of the defendant in the capacity of switchman, and that while he was

walking on the top of the car next to the rear car on his way to such rear car in the string of cars in question, as alleged in his petition, and that, while near the end of the car on which he was walking, one of defendant's switch crew, without plaintiff's knowing or being warned or apprised of the fact (if it be a fact) · that such was to be done, uncoupled said rear car from the other car on which plaintiff was," etc., they should find for the plaintiff. The objection to the charge is that it is on the weight of the evidence in that it assumes that the plaintiff at the time of his injury was walking from the seventh car to the eighth car. It is sometimes difficult to determine from the authorities just when the charge invades the province of the jury by assuming issuable facts, and while it is, perhaps, not clear that the charge under consideration is subject to the objection made (see Galveston, H. & S. A. Ry. v. Waldo, 32 S. W., 783; Houston, E. & W. T. Ry. v. Summers, 49 S. W., 1107; Triolo v. Foster, 57 S. W., 699), we nevertheless think that upon another trial the criticism should be avoided by so framing the charge as to plainly require the finding of the jury upon the question of whether plaintiff, at the time of the uncoupling which caused his injury, was· walking, as he alleged, from the seventh car to the eighth car. Defendant's testimony was to the effect that appellee had gone forward on the train to the eighth or last car and was riding it into the switch, but that, at the command of the foreman, had stepped from the eighth car back upon ·the seventh car, and was standing there when the uncoupling was made. If this testimony was true appellee, from other evidence, must have known that the eighth car was to be uncoupled, and the inference of his contributory negligence in failing to secure himself after having been warned would hence be strong, and it is by no means certain that the court's charge as quoted was not at least subject to the construction by the jury that the court was assuming as true appellee's theory of the situation. See Texas Cent. R. v. Waldie, 101 S. W., 518; Missouri, K. & T. Ry. v. Wolf, 40 Texas Civ. App., 381 (89 S. W., 780).

Error is assigned to the matter shown in the following bill of exceptions, viz.: "Be it remembered that on the trial of the above entitled cause, and while the attorney for the plaintiff, Mr. Carlock, was making the closing speech for the plaintiff, he addressed the jury substantially as follows:

"'How easy it is for these two men (witnesses for the defendant), working together, knowing that this man received a serious injury, knowing if the company was responsible it was responsible through their negligence, how easy it was for them to concoct a story against this plaintiff, and say ·there are two of us against one, two of us against Mr. Johnson, and our shrewd lawyer will get up there and argue to the jury, and the jury will go out and find for the defendant, and this man will hobble through life a cripple, without a dollar.'

"At which time, and before Mr. Carlock had finished the sentence, the defendant's counsel interposed an objection to this argument on the ground that it was outside of the record and improper, and tended to prejudice the jury against the defendant and awaken their sympathy for the plaintiff, and on which objection of the defendant the court took no action, and the defendant excepted to the failure of the court

to sustain the objection, and excepted to the action of the counsel ·in making the argument, and here presents this bill of exceptions No. 6, which it asks be approved and filed in this cause." The bill of exceptions has been duly approved, and we think that, under the circumstances of this case, the argument of appellee's counsel therein complained of requires a reversal of the judgment.

The issues were sharply conflicting. On the issue of appellee's alleged want of notice and of the intended movement of the cars, the testimony of both the pinman and the foreman is in direct contradiction of that of appellee on the same subject. If appellee had such notice, the contention of negligence on appellant's part would be greatly weakened if not wholly destroyed, while the inference of contributory negligence on appellee's part would in that event be greatly strengthened. So that it was vitally important to appellee's case that the foreman and pinman should be discredited. No effort appears to have been made to impeach them in the regular way. No conflict or contradiction, no inherent improbability of story in the testimony of these witnesses is pointed out, and to some of us, at least, there appears to be no justification for the insidious charge that these witnesses had deliberately concocted a false story and committed perjury in the effort to maintain it. That the charge was veiled in the form of a suggestion renders it none the less prejudicial in character. Judgments have often been reversed because of similar language in violation of the rule which requires counsel in argument to confine themselves strictly to the record, and we could, perhaps with profit, quote from the authorities on this branch of the subject, but inasmuch as appellant has emphasized another view of the argument, we will for the present content ourselves with a citation of some of the cases. See McGoon v. Boston M. R. Co., 31 Atl., 156; Chicago, R. I. & T. Ry. Co. v. Musick, 33 Texas Civ. App., 177 (76 S. W., 219); Chicago, R. I. & T. Ry. Co. v. Jones, 81 S. W., 60; Missouri, K. & T. Ry. of Texas v. Huggins, 61 S. W., 976; Moss v. Sanger Bros., 75 Texas, 321; Beville v. Jones, 74 Texas, 158; Gulf, C. & S. F. Ry. Co. v. Scott, 7 Texas Civ. App., 619 (26 S. W., 998).

Appellant insists that "the argument was outside of the record and improper, and tended to prejudice the jury against the defendant and awakened their sympathy for the plaintiff, because it depicted the plaintiff as a pauper." And we all agree that the proposition must be sustained. Appellee testified to much pain and an inability to use his limb since the date of his injury, some fourteen months before the trial; and while Dr. Gilmore, his attending physician, introduced as a witness by appellee, testified to the effect that a comparatively simple and safe operation in removing the fibrous ends of the broken bones would result in a complete recovery, the testimony as a whole perhaps forms a sufficient basis for the argument that appellee "will hobble through life a cripple," but no testimony whatever is found that he must do so "without a dollar." The argument was clearly inflammatory, and in view of the fact that the verdict was for eight thousand dollars, three thousand dollars more than appellee himself finally concluded could be supported, we can not say that the jury were uninfluenced thereby. Reference in argument to the poverty or wealth of

contending parties is almost, if not quite, universally condemned. S. W. Tel. & Tel. Co. v. Taylor, 118 S. W., 188; Duerler Mfg. Co. v. Eichhorn, 44 Texas Civ. App., 638 (99 S. W., 716); Texas & P. Ry. Co. v. Beezley, 46 Texas Civ. App., 108 (101 S. W., 1052); Dallas Cons. Elec. St. Ry. Co. v. Black, 40 Texas Civ. App., 415 (89 S. W., 1089); Houston, E. & W. T. Ry. Co. v. McCarty, 40 Texas Civ. App., 364 (89 S. W., 807); Gulf, C. & S. F. Ry. Co. v. Duvall, 12 Texas Civ. App., 348 (35 S. W., 705); Chicago, R. I. & T. Ry. Co. v. Langston, 19 Texas Civ. App., 568 (48 S. W., 613); Bitterman v. Hearn, 32 S. W., 341; Wichita Valley Mill & Elevator Co. v. Hobbs, 5 Texas Civ. App., 36 (23 S. W., 924); Dillingham v. Scales, 78 Texas, 205; Texas & St. L. Ry. Co. v. Jarrell, 60 Texas, 270; Willis v. McNeill, 57 Texas, 465.

In some of the cases cited the judgments were not reversed because of the improper argument, but in all such cases it will very generally be found that the court was able to say from the record that, because of the court's instruction to disregard it or for some other cause, the improper argument was without prejudicial effect. Appellee insists, in defense of the argument here, that it was interrupted, and should be construed as meaning "that the plaintiff would hobble through like a cripple without a dollar—*of recompense or compensation for such injury*"—and counsel for appellee who made the argument adds, "that such would have been the conclusion of the sentence had no interruption occurred." We are, however, confronted with the fact that nothing in the record that we can consider supports any such inference or explanation. The bill of exception shows that the argument quoted was left before the jury for their consideration without qualification or explanation, and with the added weight of the court's apparent ruling in appellee's favor. Had appellee's counsel withdrawn the argument, or made to the jury the explanation now made, or had the court instructed the jury to disregard the argument, a different question might be presented. But such is not the case. As it is, we conclude that the argument was violative of the specific rule on the subject and of that judicial fairness that the courts at all times should endeavor to maintain.

It is accordingly ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*