**SECURITY UNION INS. CO. v. ALSOP.**
(No. 288.)

Court of Civil Appeals of Texas. Eastland.
April 22, 1927.

Rehearing Denied June 10, 1927.

**1. Master and servant ☞373—Partial paralysis, resulting from apoplexy caused by overexertion, held compensable "accidental injury" (Rev. St. 1925, art. 8309).**

Under Workmen's Compensation Act (Rev. St. 1925, art. 8309), defining accidental injury as damage or harm to the physical structure of the body, and such diseases or infection as naturally result therefrom, partial paralysis resulting from apoplexy, caused by overexertion in cranking engine, *held* compensable "accidental injury."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident —Accidental.]

**2. Trial ☞125(4)—Argument that weekly workmen's compensation would work hardship, and suggesting that insurer was wealthy and claimant poor, held improper.**

Argument by claimant's counsel, in workmen's compensation case, in presenting questions of damages, and whether compensation should be weekly or in lump sum, intimating that weekly compensation would work hardship, and pointing out that claimant had a, wife and two children, and was poor, and that the insurance company was wealthy, *held* to constitute reversible error.

**3. Appeal and error ☞1060(1)—Improper argument of claimant's attorney in compensation case held to require reversal, although actual prejudice was not proved.**

Improper argument of claimant's attorney in workmen's compensation case against insurer *held* to require reversal, although it was not shown that the objectionable argument had a prejudicial influence on the jury in answering the issues.

**4. Appeal and error ☞1060(4) — Improper argument of claimant's counsel in compensation case held to require reversal, whether or not preponderance of evidence supported verdict for claimant.**

Improper argument of claimant's counsel in workmen's compensation case against insurer *held* to require reversal, whether or not preponderance of evidence supported the verdict for the claimant.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action under Workmen's Compensation Act by Clarence Alsop, claimant, against the Security Union Insurance Company, insurer for the Texas & Pacific Coal & Oil Company, employer, to set aside an award of the Industrial Accident Board and recover compensation as for total and permanent disability. Judgment for claimant, and the insurer appeals. Reversed and remanded.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Saunders & Bounds, of Breckenridge, for appellee.

PANNILL, C. J. The action was begun by the appellee to set aside an award of the Industrial Accident Board and recover compensation as for total and permanent disability against the appellant as compensation insurer for the Texas & Pacific Coal & Oil Company, the employer. The trial was to a jury, and, in response to submission upon special issues, a special verdict was returned, and judgment was rendered thereon in favor of appellee for compensation in a lump sum; hence this appeal.

[1] A number of propositions germane to several assignments are submitted, but the disposition of the appeal requires the discussion of two only. An instructed verdict was sought by appellant on the ground that the injury sued for·was not compensable. A brief résumé will be made of the testimony, thought to support a verdict. As shown by appellee's testimony, he was employed·by the employer above named, and was engaged in helping to move a ten-ton engine out of a power house, and replace it with another of a different type. On the day it is claimed the accident occurred, appellee began work at 7 o'clock, and continued to work until 10 o'clock at night, with a 30-minute intermission during the noon hour. The work of setting the new engine in place of the old was concluded about 7:30 at night. Appellee and his fellow workmen then began an effort to start the engine, which they succeeded in doing after several hours effort. This process is similar to that of cranking an automobile, except that the cranking process is done both by hand and by kicking with the feet. According to appellee's testimony, this required a large amount of physical exertion, and was continued until about 10 o'clock at night, when appellee became sick, and about 11 o'clock started home. Appellee attempted to walk from his garage to his residence, a distance of about 75 yards, and was unable to do so, and had to be led to the house by his son. There is no question raised as to the seriousness of appellee's physical condition. His physicians testified that he had had a hemorrhage of the brain caused by the bursting of a blood vessel, and that this resulted from the heavy labor he was performing. As a result of this condition, which is commonly known as apoplexy, appellee suffered partial paralysis. Apoplexy, as shown by the evidence, is the common name for cerebral hemorrhage, and this is, in common parlance, the bursting of a small blood vessel which supplies the covering for the brain, and· results from high-blood pressure, which can be caused either by violent physical exertion or a constitutional disorder. The

testimony of physicians showed that the bursting of the blood vessel, as in appellee's case, constitutes damage and injury to appellee's bodily structure.

The instructed verdict was sought on the authority of Texas Employers' Insurance Co v. Jackson (Tex. Com. App.) 265 S. W. 1027; Buchanan v. Maryland Casualty Co. (Tex. Com. App.) 288 S. W. 116; and Ætna Life Insurance Co. v. Graham (Tex. Com. App.) 284 S. W. 931, all holding that occupational diseases are not covered by the Workmen's Compensation Law. In the Graham Case it was held that an employee dying of tuberculosis, contracted gradually by reason of her exposure during her work to gases, fumes, and chemicals, had not suffered an accidental injury under the Workmen's Compensation Law. A similar holding was made in the Buchanan Case as to typhoid fever contracted by an employee as a result of impure water and food. A like holding was made in the Jackson Case, where the employee contracted pneumonia brought on from exposure required by the performance of his duties. The facts of neither of these cases are, in our judgment, analagous to the case at bar, but certain expressions in the opinion in the Buchanan Case justify the appellant in making the contention under consideration. In the case last referred to this statement is made:

"Not only so, but that injury must be to the physical structure of the body. This language has been construed to mean that the disease must result from violence upon the external portion of the body."

If this statement of the rule must be taken literally and applied to the facts of this case, a serious question is presented. But fortunately we are relieved from the necessity of deciding whether the statement above quoted shall be taken literally and applied in the construction of the Workmen's Compensation Act.

In the case of Georgia Casualty Co. v. Mixner (Tex. Civ. App.) 289 S. W. 420, the Court of Civil Appeals for the First District had before it a case that on the facts is almost identical with this, and held that the same were sufficient to sustain a finding that the injury was an accidental one, and within the purview of the Compensation Act (Vernon's Annotated Civil Statutes, 1925, arts. 8306–8309).

In that opinion the following quotation from Boyd on Compensation Laws was made with approval:

"Strain sustained by employees of normal health in the course of their employment are generally regarded as accidental injuries. Ruptures resulting from lifting heavy objects are generally held fortuitous and unexpected events; in other words, accidents."

The judgment in that case awarding compensation for the rupture of a blood vessel of the brain, producing paralysis, which rupture was caused by serious physical exertion in putting in place a piece of heavy machinery, was sustained, and a writ of error denied by the Supreme Court. A similar holding was made in the following cases: Texas Employers' Ins. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752; Texas Employers' Ins. Ass'n v. Moore (Tex. Civ. App.) 279 S. W. 516; Southwestern Insurance Co. v. Owens (Tex. Civ. App.) 198 S. W. 662.

Under the decision in the Georgia Casualty Company Case, which has evidently received the approval of the Supreme Court, it is believed that the testimony stated in substance above was sufficient to raise the issue of an accidental injury as the same is defined in article 8309 of the Revised Statutes 1925, as follows:

"Damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

In making the closing argument to the jury, counsel for the appellee stated:

"Just please yourself in these amounts, gentlemen, in other words, if Mr. Alsop was sitting here on the jury to pass upon your case, what would you want him to do, and exist as conditions are now upon a weekly sum?"

And further:

"Now, gentlemen, do you believe he could support a wife and two children in his present condition? He says he owes money—that he has got no money. * * * Who is going to treat him? Of, course, gentlemen of the jury, if he had the money the insurance company has in this case, if he was wealthy, it would not be necessary, but the facts in this case, gentlemen of the jury—"

Counsel for appellant objected at this juncture, and counsel making the argument said:

"Give him a bill on all he wants to; take a bill to everything I say."

[2] The argument noted was duly and properly excepted to and under the rule laid down in the recent cause of Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765, constitutes reversible error. Testimony was introduced by the appellant which would have supported a finding that the injury was not compensable, in that the injury was caused by a condition which gradually arose due to appellee's bad physical condition, and resulted from high blood pressure brought about by some organic trouble existing in appellee's body.

[3, 4] There was a further issue in the case as to whether appellee was entitled to be paid weekly compensation or to recover a lump sum. The remarks referred to were improper and out of the record, and calculated to affect the jury's verdict on the two issues noted. Appellee, to avoid a reversal, claims that it is not shown that the objectionable argument had any influence upon the jury in answering the questions, and that the verdict is support-

ed by a preponderance of' the testimony. These suggestions were considered and decided adversely to appellee's contentions in the case of Bell v. Blackwell, supra.

The remaining assignments relate to different arguments of appellee's counsel and the charge of the court. Further discussion of the remaining remarks of counsel complained of is deemed unnecessary, as appellee's counsel will doubtless on another trial confine his argument to the issues before the jury.

It is not believed that the submission to the jury of, whether appellee suffered total permanent incapacity for work is subject to the objection that the issue as submitted was duplicitous, but, in view of another trial, it is suggested that the jury be allowed to determine whether appellee's incapacity for work is total or partial.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded for further proceedings not inconsistent with what has been said above.