**TEXAS & P. RY. CO. v. HARGRAVE.**
(No. 373.)

Court of Civil Appeals of Texas. Eastland.
Dec. 9, 1927.

Rehearing Denied Jan. 20, 1928.

**1. Railroads ☞243—City's right to require railroad flagmen at crossings does not include right arbitrarily to require flagmen when no warning is necessary.**

The right which a city possesses under the police power to require a railroad to keep flagmen at crossings which are frequently traveled by trains does not include the right arbitrarily to require that flagmen be on duty at times when no warning is necessary.

**2. Railroads ☞243—Ordinance requiring railroad flagman at crossing 17 hours each day held void.**

A city ordinance requiring railroads to keep flagmen at crossings 17 hours each day *held* void as being unreasonable in its terms in requiring flagmen at times when warning was not necessary, so that railroad violating it was not guilty, as a matter of law, of negligence when collision occurred between train and automobile.

**3. Trial ☞253(4)—Instruction that, if railroad's violation of crossing flagman ordinance was proximate cause of accident, railroad was liable held erroneous as ignoring defense of contributory negligence.**

In action by an automobile driver for injury from being struck at a street crossing by a railroad train, an instruction that if railroad violated an ordinance requiring it to keep a flagman at such crossing, and such negligence was the proximate cause of the accident, the railroad was liable for damages, and that in such case jury need not answer questions respecting contributory negligence *held* erroneous, regardless of constitutionality of the ordinance as ignoring defense of contributory negligence.

**4. Trial ☞423—Instruction ignoring defense of contributory negligence, held not cured by submitting, thereafter, special contributory negligence issues.**

Where, in an action by an automobile driver against a railroad company for injury from a collision at a crossing, the court gave an instruction which was erroneous because it ignored defense of contributory negligence, *held*, that such error was not cured by submitting to the jury, thereafter, special issues on contributory negligence.

**5. Trial ☞352(5) — Negligent defendant's right to have all defenses submitted to jury held not secured by negative submission.**

The right of a defendant railroad company, when sued by an automobile driver for injury received in crossing collision, to have all defenses submitted to the jury *held* not secured by a negative submission; the requirement being that such defenses be separately and affirmatively submitted.

**6. Courts ☞91(1)—Court of Civil Appeals held bound by Supreme Court rule relative to reversal for improper argument of counsel.**

The Court of Civil Appeals is bound by the rule laid down by the Supreme Court governing reversal for improper argument of counsel.

On Rehearing.

**7. Municipal corporations ☞122(1)—One desiring more detailed pleading of ordinance cannot obtain it by general demurrer, but must specially except to pleading.**

A party who desires more detailed pleading of a city ordinance cannot obtain it by general demurrer but must specially except to the pleading.

8. Appeal and error ⚙⇒274(5)—Exception to charge that railroad's violation of crossing-flagman ordinance made railroad negligent as matter of law, and appeal from ruling, raised question of ordinance's validity.

In an action by an automobile driver against a railroad for injury from collision at a crossing, defendant's exception to a charge that the railroad's violation of a city ordinance requiring the keeping of a flagman at the crossing seventeen hours each day made the railroad negligent as a matter of law, and defendant's appeal from the court's ruling upon such exception, properly raised the question of the validity of such ordinance.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by J. R. Hargrave against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

H. C. Shropshire, of Weatherford, for appellant.

W. S. Adamson, of Ranger, and Grisham Bros., of Eastland, for appellee.

HICKMAN, J. The appeal is from a judgment for $9,000 on account of injuries sustained by appellee in a collision between the train of appellant and the automobile in which appellee was riding, at the Main street crossing of appellant's railroad track, in the city of Ranger. Fourteen special issues are embodied in the court's main charge, in which issues of negligence in the operation of the train by appellant and issues of contributory negligence on the part of appellee are included. After reading this main charge to the jury, the court then submitted appellee's special charge No. 1, which, omitting formal parts, reads as follows:

"(1) You are instructed that the failure of the defendant to maintain a flagman at the crossing in question where the injuries occurred constitutes negligence as a matter of law, and in connection with this instruction, you will answer the following question:

"(a) Was the failure of the defendant to maintain a flagman at the crossing in question the sole proximate cause of the injuries, if any, which plaintiff sustained?

"(2) If you have answered the foregoing question in the affirmative, then you need not answer any questions propounded to you in the general charge, but you will answer the following question:

"(a) What amount of money, if any, if paid at the present time in cash, will reasonably compensate plaintiff for the damages he has sustained, if any, occasioned by the injuries, if any, to plaintiff?"

To these issues the jury answered No. 1, "Yes"; and No. 2, "$9,000."

The court then, at the request of appellant, gave some special charges on the question of contributory negligence pleaded by appellant, the issues submitted being in some respects practically the same as those embodied in the main charge. The jury did not answer any issue in the main charge, because it was instructed in the special requested charge of appellee that it need not do so in the event it should answer special requested charge No. 1 in the affirmative. It answered the special issues requested by appellant against appellant's contention and in favor of appellee.

The peremptory instruction contained in the special charge requested by appellee, wherein the jury was instructed that appellant was guilty of negligence, as a matter of law, on account of its failure to maintain a flagman at the crossing in question, was based upon an ordinance of the city of Ranger. This ordinance reads as follows:

"Each railroad company having track or tracks crossing Main street shall be and is hereby required to keep a flagman at said crossing to give notice of the approach of trains, engines, and cars upon said tracks, and such flagman shall be stationed and kept at the crossing of said tracks over said Main street from 5 a. m. to the hour of 10 p. m."

The ordinance is assailed as being unreasonable and therefore void. As we construe this ordinance, it requires appellant to station a flagman at the particular crossing at 5 o'clock each morning and keep him stationed there until 10 o'clock in the evening. Such an ordinance was condemned as being void in the case of City of Waxahachie v. M., K. & T. Ry. Co. of Texas (Tex. Civ. App.) 183 S. W. 61. In that case suit was brought to collect penalties for the violation of an ordinance of the city of Waxahachie requiring railroad companies to maintain flagmen at all times at the crossings over certain streets therein named. A general demurrer was sustained to the petition on the ground that it was void on its face. The judgment was affirmed on rehearing, and, as we interpret the holding, the basis thereof was the fact that flagmen were required to be stationed at the particular point at times when they could serve no purpose in protecting the public. The court took judicial knowledge of the fact that at no given point in Texas do trains run at all times during any given 24 hours, and, without any evidence whatever, held, as a matter of law, that the ordinance was unreasonable and void.

[1, 2] It is insisted that the ordinance relied on in this case differs from that in the Waxahachie Case in that the flagman in this case is required to be on duty only 17 hours per day, whereas in the Waxahachie Case he was required to be on duty 24 hours per day. We cannot agree that this makes any material difference. The reason that such ordinances are void is because they undertake

to require railroad companies to maintain flagmen at times when there are no approaching or departing trains. The city, under its police power, has the right to require that flagmen be on duty at a frequently traveled public crossing to warn the public of the approach and departure of trains, but it has no right arbitrarily to require that flagmen be on duty at times when no warning is necessary. In this case the evidence was developed, and it conclusively shows that the services of flagmen to warn the public were not required constantly during the 17-hour period of day named in the ordinance. It is our opinion that the ordinance relied on by appellee to charge appellant with negligence as a matter of law is unreasonable in its terms and therefore void. The conclusion necessarily follows that the court erred in instructing the jury that appellant was guilty of negligence, as a matter of law, in its failure to comply with this ordinance.

[3-5] Even if the ordinance had been a valid one and the court had been justified in charging the jury as a matter of law that appellant was guilty of negligence in failing to observe it, we could not approve the charge of the court in the instant case. The effect of the charge requested by appellee and given by the court, copied above in this opinion, was to instruct the jury that it was immaterial whether appellee was himself guilty of contributory negligence. The theory of the court seems to have been that, if appellant was guilty of negligence, it was immaterial that appellee was guilty of contributory negligence. To submit to the jury questions of contributory negligence, as the court did in his main charge, and then inform the jury that it need not answer those issues, had the effect of charging the jury that it was a matter of no consequence whether appellee was himself guilty of contributory negligence. That theory ignores the defense of contributory negligence. This error was not cured by submitting thereafter special issues requested by appellant on the question of contributory negligence, because, with an instruction by the court to the effect that similar issues were unimportant and immaterial, it was quite natural for the jury to resolve these issues against appellant, or, at least, not to give them that serious consideration which it gave to appellee's issues. The defendant had the same right to have each and every defense relied upon by it submitted to the jury that the plaintiff had to have his grounds of recovery submitted to the jury. This right is not secured by a negative submission of defendant's issues. They must be separately and affirmatively submitted. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Colorado & Southern Railway Co. v. Rowe (Tex. Com. App.) 238 S. W. 908.

[6] There are many assignments in the briefs filed in this cause, but the errors therein complained of will not likely arise upon another trial, and for that reason no discussion thereof would be profitable. In view, however, of the many assignments complaining of the argument of counsel, and of the contentions raised in the respective briefs with regard to the rule governing such assignments, we think it proper to call attention of counsel to the fact that this court is bound by the rule laid down by the Supreme Court in an opinion by the Commission in the case of Bell v. Blackwell, 283 S. W. 765, which rule was reaffirmed in an opinion by the same judge, in the latest expression which we have from that court on the subject, in the case of Davis v. Hill, 298 S. W. 526. The case of Security Union Insurance Co. v. Alsop, 1 S.W.(2d) 921, indicates this court's interpretation of this rule.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.

### On Rehearing.

It is urged on rehearing that we were not justified in the use of the following language in our original opinion:

"In this case the evidence was developed, and it conclusively shows that the services of flagmen to warn the public were not required constantly during the 17-hour period of day named in the ordinance."

This language should be modified as follows: The facts were not gone into fully so as to disclose the times of day when trains habitually passed over this crossing. The evidence shows, however, that appellee was familiar with this crossing, and he justifies his failure to observe the approaching train on the occasion of his injury by the statement that he was not looking for any train at that time of the day, because trains had not been running at that time of day. He also testified, in substance, that he had been going over that crossing for three years or more and knew the time this particular train was due in there, but the schedule had been changed and he was not expecting a train to arrive at that time. All of the evidence indicates that this was a frequently traveled crossing, and there is no indication at all of the fact that trains were passing there with such regularity, and in such close succession to each other, as to require the constant services of a flagman. All the facts negative such a conclusion.

It is stated in the motion that appellee cited numerous cases in his original brief holding that, in order for a litigant to question the validity of a city ordinance on the ground of unreasonableness, the point must be raised by demurrer, and that, since no assignment complained of any ruling of the trial court on demurrers, we were not authorized to pass on the question. In response to this statement in the motion we have re-examined

appellee's brief on this question and referred to the only cases cited therein bearing in any wise upon this question, and, to our minds, they fall far short of supporting the proposition contended for.

[7, 8] Unquestionably, if a defendant desires a more detailed pleading of an ordinance relied upon, he cannot reach his objective by a general demurrer, but must specially except to the pleading on that account. But that is not the question here. The appellee, who was plaintiff below, did not undertake to set out any ordinance in his pleadings, but alleged a duty of appellant, under a city ordinance governing such matters, to maintain a flagman at crossings. There was no special exception to this particular part of the pleadings. We agree with appellee that, if appellant had desired a more particular statement of the ordinance relied upon, it was his duty to point out that fact by a special exception. But we are not passing on that question. We sustained no exception to the sufficiency of the petition in this regard. When the court prepared his charge embodying an instruction to the jury that appellant was guilty of negligence, as a matter of law, in its failure to observe this ordinance, appellant raised the question of the correctness of the charge and the validity of the ordinance in every way essential to preserve the question of law passed on by this court.

The motion for rehearing has been carefully considered, but will be overruled.