**BROWN CRACKER & CANDY CO. v. CASTLE.**

No. 10475.

Court of Civil Appeals of Texas. Dallas.
Feb. 27, 1930.

Rehearing Denied March 29, 1930.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

J. Cleo Thompson and W. I. Gamewell, both of Dallas, for appellee.

VAUGHAN, J.

Appellee instituted this suit against appellant to recover damages for personal injuries alleged to have been sustained by him on August 30, 1927, when an automobile being driven by one C. S. Rainwater, an employee of appellant, collided with appellee while he was crossing Houston street toward the Union Terminal Station in Dallas, Dallas county. Appellant answered by general demurrer and special exceptions, general and special denials, and specially pleaded that appellee was guilty of contributory negligence. The case was submitted to a jury on special issues, and on answers thereto the trial court rendered judgment on July 14, 1928, in favor of appellee for the sum of $2,500, together with interest thereon at the rate of 6 per cent. per annum from the date of said judgment.

Following are the findings of fact made by the jury in answer to the special issues submitted: That C. S. Rainwater, at the time of the collision alleged by appellee, was an employee of appellant, and was acting within the scope of his employment; that he caused the car driven by him to collide with appellee on the occasion in question; that appellee was injured at the time and place alleged by him; that the impact by which appellee was injured occurred on the east side of Houston street and was the proximate cause of the injuries sustained by appellee; that said Rainwater failed to give any warning of his approach by the sounding of his horn; that such failure was negligence; that such. negligence was the proximate cause of the injuries sustained by appellee; that said Rainwater failed to drive his automobile on Young street beyond the center point of intersection of Young street and Houston street; that such failure was the proximate cause of the injuries sustained by appellee; that said Rainwater failed to keep a lookout for any pedestrians at the time and place of the collision and was negligent in that respect; that such negligence was the proximate cause of the injuries sustained by appellee; that said Rainwater did not discover or realize that appellee was in a perilous and dangerous situation in time to have avoided the injuries sustained by appellee; that $2,500 would reasonably compensate appellee for the injuries sustained by him; that appellee kept such a lookout for approaching vehicles as he walked across Houston street towards the Union Terminal building as would have been kept by a person of ordinary

care under the same or similar circumstances; that appellee failed to go to the street intersection before starting across Houston street from the east side thereof to the west side thereof; that in so doing he used that degree of care for his own safety as would have been used by a person of ordinary care and prudence under the same or similar circumstances; that the failure of appellee to go to the street intersection before crossing Houston street was a proximate cause or contributing cause to his injuries; that the injuries received by appellee were not the result of an unavoidable accident; that appellee used that degree of care for his own safety in the manner in which he attempted to cross Houston street as would have been used by a person of ordinary care and prudence under the same or similar circumstances.

■■ The court defined "proximate cause" as follows: " 'Proximate cause' means that which in a natural and continuous sequence, unbroken by any new or independent cause, produces the event, and without which it would not have occurred"—to which appellant excepted, on the ground that it failed to submit the issue of foreseeableness or anticipation of the injuries complained of as a result of the negligence charged, and in support of said objection cites the case of Seale v. G., C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602, in which the rule as to foreseeableness is announced as follows: "When one has violated a duty imposed upon him by the common law, he should be held liable to every person injured thereby, whose injury is the natural and probable consequence of his misconduct; and this liability extends to such injuries as might reasonably have been anticipated, under ordinary circumstances, as a natural and probable result of the wrongful act." And the following authorities approving the doctrine announced in the Seale Case: Railway Co. v. Bigham, 90 Tex. 223, 98 S. W. 162; Dallas Ry. Co. v. Warlick (Tex. Com. App.) 285 S. W. 302; San Antonio & A. P. Ry. Co. v. Behne (Tex. Com. App.) 231 S. W. 354; Turner v. Stoker (Tex. Civ. App.) 289 S. W. 190; Enterprise Co. v. Alexander (Tex. Civ. App.) 6 S.W.(2d) 423. Therefore it may be accepted as the settled law in this state that, in any suit for damages resulting from the violation of a duty imposed by the common law, the liability of one sought to be charged on account of such negligence extends only to such injuries as might reasonably have been anticipated under ordinary circumstances as the natural and probable result of a wrongful act, and that such rule is limited to cases resting upon the violation of a duty imposed by the common law, and does not apply to the violation of a penal statute which is negligence as a matter of law, and where such negligence is the proximate cause of the injury alleged; it

being assumed that one violating a criminal statute whereby an injury results to another ought to have foreseen the natural and probable consequences of such an unlawful act. Appellant's assignments based on the giving of said definition are overruled.

■ Appellant takes the position that: (1) subdivision "G" of article 801 of the Penal Code, which provides: "All vehicles approaching an intersection of the public highway with the intention of turning thereat shall, in turning to the right, keep to the right of the center of such intersection and in turning to the left, shall run beyond the center of such intersection, passing to the right before turning such vehicle to the left," does not by its terms define the duty of the driver of an automobile in approaching the terminus of a street with the intention of turning to the left on the street into which it empties, so that the finding by the jury in the latter situation that appellant's employee "failed to drive the automobile on Young Street beyond the central point of intersection of Young Street and Houston Street before turning to the left on Houston Street" was not a finding by the jury of negligence on the part of appellant upon which the court could render judgment for appellee. And (2) that, where one street terminates at another, rather than intersects it, and there is no evidence as to where the central point of intersection, if any, of the two streets is, a finding by the jury that appellant's employee "failed to drive the automobile on Young Street beyond the central point of intersection of Young Street and Houston Street before turning to the left on Houston Street" is not supported by any competent testimony in the case.

The testimony in reference to the location of Houston and Young streets established the following facts: Said streets are located in the city of Dallas, Dallas county, the course of Houston street being north and south and passing immediately in front of the Union Terminal Station, while the course of Young street runs east and west. Young street does not cross Houston street, in that it does not continue beyond the east line of Houston street, but terminates or empties into Houston street at said point of contact between said streets; in other words, joins Houston street at said point of termination of Young street.

This situation, we think, is clearly within the provisions of said subdivision "G" and required the automobile driven by Rainwater, in approaching from Young street the point of contact between Houston and Young streets, for the purpose of entering Houston street, to observe its requirements. This because the statute was enacted for the purpose of regulating and controlling the movement of traffic from one street to another whether for the purpose of turning at a

"crossing of streets," as that term is commonly understood, or for the purpose of passing from a street that empties into a street being approached for the purpose of turning within the territory made by the contact of said streets common to both—to illustrate, the territory necessary to be used in passing from Young street into Houston street, and, in passing from Houston street into Young street, is the common territory of said streets for the fixing of the center of their intersection, being the territory occupied by said streets the same as if they in fact crossed each other; the width of Young street at the point where it empties into Houston street for the purpose of travel passing from Young into Houston street would be considered as if its width passed across Houston street to its west boundary line (where of necessity it terminates on account of the buildings occupying the space immediately beyond the west line of Houston street), and the width of Houston street thus occupied by the width of Young street in effect extending at this point of contact from the east line to the west line of Houston street constitute the space common to both streets, within which is located the center of the intersection of said streets, or of an intersection of the public highway. Thrush v. Lingo Lbr. Co., 262 S. W. 551, in which this court held that the term "intersection," as used in said section "G," "has reference to the space where one street enters into another, or the space occupied by two streets at the point where they cross each other, and that under said subdivision 'G,' a vehicle approaching such space with the intention of turning thereat is required to approach that intersection on and from the proper side of the street traveled in order to comply with the requirements of said article in making a turn at such intersection." Therefore, as the evidence introduced in reference to the movement of the car driven by Rainwater, in approaching Houston street from Young street, supported the finding of the jury that said Rainwater, on the occasion in question, failed to drive the automobile on Young street beyond the central point of intersection of Young street and Houston street before turning to the left on Houston street, said propositions are overruled.

Appellant by its tenth proposition challenges the correctness of the following charge submitting to the jury the issue, viz.: "What amount of damages in money, if any, would, if paid now, reasonably compensate the plaintiff, Eugene Castle, for such injury, if any, as you may find from the evidence to have been sustained by him, as alleged in plaintiff's petition? In considering such damages if any, you may take into consideration pain, if any, of body and mind, or body or mind, suffered or to be suffered by plaintiff as a direct result of such injuries, if any, together with necessary and reasonable expenses, if any, incurred by plaintiff for physician's services and hospital bills, as a direct result of such injuries, if any, together with loss of time, if any, up to the present, together with the loss of time, if any, in the future, together with the destruction, if any, or reduction, if any, of his capacity to labor and earn money so resulting directly and proximately," on the ground that the court failed to instruct the jury as to how the amount of damages, which would compensate appellee, if paid now, should be arrived at; there being no guide in the court's charge for the benefit of the jury in determining what amount, if paid now in a lump sum, would be equivalent to the sum necessary to compensate appellee.

■■ The following portion of said charge, "together with loss of time, if any, up to the present, together with loss of time, if any, in the future, together with the destruction, if any, and reduction, if any, of his capacity to labor and earn money, so resulting directly and proximately," while not requiring the jury to find a double measure of recovery, was permissive for that purpose, in that, in addition to taking into account any loss of time, the charge permitted the jury to take into account, as a part of the damages that would be suffered in the future, the destruction, if any, or reduction, if any, of appellee's capacity to labor and earn money, which would be included within the element of recovery allowed for the loss of time in the future. The giving of such a charge was correctly condemned by the Supreme Court in the case of Missouri, K. & T. Ry. Co. of Texas v. Beasley, 106 Tex. 160, 155 S. W. 183, 160 S. W. 471. The true measure of damages for personal injuries is such a sum as will compensate the injured party for the injuries complained of and proved, to be arrived at by taking into account the mental and physical pain suffered and which will be suffered, the earnings lost up to the time of trial, and the impairment of ability to earn money in the future on account of the injuries, physical pain, and suffering sustained by reason of the injuries, or which it is reasonably probable will be suffered in the future on account thereof, necessary and reasonable expenses incurred for the services of a physician and hospital bills, as the direct result of such injuries. International & G. N. Ry. Co. v. Schubert (Tex. Civ. App.) 130 S. W. 708; St. Louis, S. F. & T. R. Co. v. Taylor (Tex. Civ. App.) 134 S. W. 819. Said assignment is therefore sustained.

■ Appellant duly excepted to, and by appropriate propositions presents as error, the ruling of the court in admitting over appellant's objection the following testimony of the witness A. H. Hardison: "We laid him (referring to appellee) out on the grass and I

worked the traffic out and then asked Mr. Rainwater, 'What do you want to do,' he said, 'Take him to the hospital, I am in a hurry, I have got some stuff to deliver in Oak Cliff or I would take him myself'; that he was working for the Brown Cracker & Candy Company." Appellant's objection being that said statements were not binding on appellant, they being declarations of an alleged agency, therefore inadmissible to prove the fact of agency on his part. The admission of this testimony, while error at the time the above objection was overruled, became immaterial on account of the subsequent testimony of J. L. Brown, president of appellant, Brown Cracker & Candy Company, viz.: "I know C. S. Rainwater, I have known him ever since he has been in our employment—I could not say just how long that is, probably 1½ or 2 years; he collects for the sale and purchase of goods he sells for the Brown Cracker & Candy Company, he has no set hours of employment, no particular arrangements, supposed to work daily; he works on a salary and commission; he was in our employ on August 30, 1927." Therefore said proposition is overruled.

Appellant also objected to the following testimony of Harvey Thomas, a witness for appellee: That he talked to Mr. Rainwater immediately after the accident and Rainwater said, "Certainly the man was hurt (referring to appellee), if an automobile hit you wouldn't it hurt you?" Appellant objected to said testimony on the ground that no agency on Rainwater's part had been established, and therefore not binding on appellant. This falls within the ruling made on the next preceding proposition, and for reasons therein stated same is overruled.

■ By its twelfth proposition, appellant challenges the correctness of the court's definition of "new and independent cause," said definition being as follows: "A cause or agency over which a person has no control and which cause or agency an ordinarily prudent person in the same or similar circumstances could not have reasonably foreseen as acting to bring about the result complained of"—to which appellant excepted and objected, on the ground that same was vague, indefinite, uncertain, and failed to instruct the jury as to what person the court had reference in using the term "a cause or agency over which a person has no control." If it should be conceded that this objection was well taken, nevertheless material error would not be presented because of the fact that in no respect was the issue of a "new and independent cause" raised by the evidence; therefore, the court should not have instructed the jury on that issue. This assignment is overruled.

■ Counsel for appellee, in his closing argument, was permitted by the court, over timely and proper objections that same was inflammatory and prejudicial, to make the following argument to the jury: "I want you to go with me and let me picture here this morning two places, the Brown Cracker & Candy Company, a large powerful corporation, with eight or nine hundred employees. They have gone forward with their work and sold many goods. But gentlemen, go with me to another picture, another scene in Oak Cliff, that home presided over by this man, loved by his wife and daughter. I can see him rolling in the bed at night, I can see him as he gets up and walks around, simply because of the injury he has sustained, I can see him as he is uneasy about his condition, and how his poor wife is uneasy about his condition. It is no longer a home of happiness and contentment. It is a home of suffering and pain because the strong man is no longer out there to provide the necessaries of life, but here he is—there he is—and the Brown Cracker & Candy Company goes on and on." This was error. Willis v. McNeill, 57 Tex. 465; Railway Co. v. Jarrell, 60 Tex. 267; Railway Co. v. Black, 40 Tex. Civ. App. 415, 89 S. W. 1087; Railway Co. v. Johnson, 59 Tex. Civ. App. 105, 125 S. W. 387; Railway Co. v. Swan, 60 Tex. Civ. App. 427, 127 S. W. 1164; Campbell v. Prieto (Tex. Civ. App.) 143 S. W. 668; Western Indemnity Co. v. MacKechnie (Tex. Civ. App.) 214 S. W. 456; Insurance Co. v. Jordan (Tex. Civ. App.) 231 S. W. 802; Blohm v. Krueger (Tex. Civ. App.) 297 S. W. 596; Security Union Ins. Co. v. Alsop (Tex. Civ. App.) 1 S.W.(2d) 921; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765.

■ The same counsel, over proper objection thereto, was permitted to make the following remarks to the jury in his closing argument: "Did Mr. Castle try to hide anything? Certainly not, he wants to be honest. Men, I have known that man about two or three years, but I think that I know his heart and he is good; I think he wants to be honest with you men; I think he wanted to tell you the truth about this thing."

■ There is a sharp conflict in the testimony of the physicians. As to the extent of appellee's injuries, the testimony of Dr. Sam Webb, Jr., a witness introduced by appellant, being in direct conflict with the testimony of appellee and that of Dr. J. S. Calhoun, introduced by appellee as to whether or not appellee was in fact at the time of the trial disabled on account of the injuries received by him, and as to his disability to labor and earn money in the future; therefore, the statements of counsel objected to fall within the condemnation pronounced in the case of Texas & N. O. R. Co. v. Harrington, 44 Tex. Civ. App. 386, 98 S. W. 653, 656, namely: "The matter complained of was not argument, but testimony unsworn, and inadmissible if offered in the due course of the trial.

It was in its very nature prejudicial since it served, in a way not allowable under the rules of evidence, and certainly not in argument, to bolster up the character of plaintiff's wife as a witness and to support her testimony. With the evidence sharply conflicting at every point, this error alone will require a reversal of the judgment. The rules contemplate that counsel should confine his argument to matters within the record, and counsel who desire a valid judgment should be careful to observe them." To the same effect, also see W. K. Wilson Grain Co. v. Fitch (Tex. Civ. App.) 208 S. W. 556; Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169. Appellant properly presents for review the following remarks of Mr. Gamewell, one of appellee's attorneys: "Gentlemen, I submit to you that the best way to pass on any matter where a third party is involved is to put yourself in the other fellow's place. Put yourself in the place of Mr. Castle, how much would you feel that the Brown Cracker & Candy Company should pay you? How many thousand dollars?" This argument was unwarranted and prejudicial, in that, under the following provisions of article 2134, R. C. S. 1925, viz.: "The following persons shall be disqualified to serve as jurors in any particular case: 1. Any witness in the case. 2. Any person interested, directly or indirectly, in the subject matter of the suit. * * * 4. Any person who has a bias or prejudice in favor of or against either of the parties," appellee would have been disqualified as a juror in this case because his interest therein would, at least within the view of the law, absolutely have prevented him from fairly and impartially reaching a just and correct conclusion from the evidence on any controverted issue of fact; hence it follows by a parity of reason that jurors viewing a case from the standpoint of any one litigant alone would be partisans and indirectly interested in the result of the litigation before them. In other words, in such an attitude the jurors would be but the representatives of the successful litigant, as their minds would not be free and untrammeled to pass fully and fairly upon the rights of each litigant as presented by the evidence adduced, which would have been the case if the jurors had considered this case as if they each were the plaintiff therein, instead of appellee. See Southwestern Teleg. & Telep. Co. v. Andrews (Tex. Civ. App.) 169 S. W. 218; Security Union Ins. Co. v. Alsop, supra.

To secure the proper administration of the law through trial by jury, it is essential that, in deliberating upon the evidence and reaching a conclusion therefrom as to the facts established, all of the evidence must be considered and given effect fairly, impartially, and without any other influence, save and except that produced by the evidence before them. This cannot be accomplished when a conclusion thereon is reached through bias or prejudice, for or against either party to the suit, or from any other character of undue influence; to secure a just, fair, and impartial verdict based upon all of the evidence as applied to the law of the case, the following oath is administered to the jury: "You, and each of you, do solemnly swear that in all cases between parties which shall be to you submitted, you will a true verdict render, according to the law, as it may be given you in charge by the court, and to the evidence submitted to you under the rulings of the court. So help you God." R. C. S. 1925, art. 2179. That the requirements of this oath shall be faithfully observed throughout the trial of a case, many years ago the following were adopted as part of the rules for the district and county courts, viz.: "Rule 39. Arguments on the facts should be addressed to the jury, when one is impaneled in a case that is being tried, under the supervision of the court. Counsel shall be required to confine the argument strictly to the evidence and to the arguments of opposing counsel." Rule 40, Id., in part provides: "Side-bar remarks, and remarks by counsel of one side, not addressed to the court, while the counsel on the other side is * * * addressing the jury, will be rigidly repressed by the court." Rule 41, Id.: "The court will not be required to wait for objections to be made when the rules as to arguments are violated; but should they not be noticed and corrected by the court, opposing counsel may ask leave of the court to rise and present his point of objection."

██ ██ By the above rules it is made the duty of a trial court, when the rules as to argument are violated, to take such steps as may be necessary to enforce the observance of same without waiting for objections to be made by opposing counsel, and imposes upon counsel addressing the jury to confine his argument strictly to the evidence and to that made by opposing counsel.

Because of the errors herein pointed out, the judgment of the trial court is reversed and remanded for further proceedings, consistent with this opinion.

Reversed and remanded.